[Civ. No. 31683. Second Dist., Div. One. Nov. 27, 1967.]

JAMES D. PAGE, Plaintiff and Appellant, v. INSURANCE COMPANY OF NORTH AMERICA, Defendant and Respondent.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Hathaway, Soares, Clabaugh & Perrett and E. E. Clabaugh, Jr., for Plaintiff and Appellant.

Archbald, Zelezny & Spray and Malcolm Archbald for Defendant and Respondent.

LILLIE, J.—In this personal injury action, involving three motor vehicles, the demurrer of defendant insurance company (referred to hereinafter as "INA") to the third count only of the first amended complaint was sustained with leave to amend.[1] Upon plaintiff's written election to stand on said count as pleaded without further amendment, judgment was

---

[1] None of the allegations in the first two counts charged INA with any responsibility for the losses therein set forth.

entered dismissing the third count. This appeal is from the judgment of dismissal.

One of the three automobiles involved (referred to subsequently as "Car Three") has never been identified. Recovery from INA being sought under the uninsured motorist provisions of plaintiff's policy with that company, the basic problem is whether under the facts as pleaded a named defendant (Pickell), the operator of Car Two, and certain Doe defendants as operators and owners of Car Three, properly qualified as uninsured motorists as defined in section 11580.2, Insurance Code.

According to the complaint as last amended, the accident occurred in the following manner: plaintiff was driving his vehicle in a southeasterly direction on a designated highway; defendant Pickell was also driving his vehicle (Car Two) in the same direction on that highway. A certain "phantom vehicle" (Car Three) crossed the center line of the subject highway while being operated in a northwesterly (or opposite) direction. To avoid colliding with the "phantom vehicle" Pickell "deliberately and negligently" drove his car into plaintiff's, causing the damages complained of. While it is alleged that its operator was negligent, there is no allegation of any physical contact of the "phantom vehicle" with either of the other two cars involved as expressly provided in the governing statute.

Following the accident, and pursuant to his policy with the company, plaintiff made demand of INA for settlement and arbitration, both of which were refused. It is also alleged that a written claim against Farmer's Insurance Group, Pickell's insurer, was likewise refused.

Based upon the foregoing allegations, as well as prior reference to the subject policy "insuring plaintiff against loss through the negligence of an uninsured motorist," paragraph V (third count) asserts that Pickell and the various Doe defendants "constitute as uninsured motorists within the definitions of said policy." ██ For reasons known best to plaintiff such definitions are neither pleaded nor are their provisions otherwise set forth in the complaint; however, with respect to uninsured motorist coverage it is now settled that "this section of the Insurance Code becomes in effect a part of every policy of insurance to which it is applicable to the same effect as if it was written out in full in the policy itself." (*Hendricks* v. *Meritplan Ins. Co.*, 205 Cal.App.2d 133, 136 [22

Cal.Rptr. 682].)[2] Accordingly, the following definitions (both contained in subdivision (b) of section 11580.2) are here applicable: As to Car Three, ''The term 'uninsured motor vehicle' means . . . a motor vehicle used without the permission of the owner thereof if there is no bodily injury liability insurance or bond applicable at the time of the accident with respect to the owner or operator thereof, or the owner or operator thereof be unknown, provided that, with respect to an 'uninsured motor vehicle' whose owner or operator is unknown: (1) The bodily injury has arisen out of physical contact of such automobile with the insured or with an automobile which the insured is occupying.'' As to Car Two, ''The term 'uninsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance or use of which . . . there is such applicable insurance or bond but the company writing the same denies coverage thereunder. . . .''

██ Invoking the principle that on appeal from a judgment sustaining a demurrer to a complaint it must be assumed that plaintiff can prove all facts as alleged (*Schaefer* v. *Berinstein*, 140 Cal.App.2d 278, 288 [295 P.2d 113]), plaintiff contends that the question whether or not the defendants concerned are ''uninsured motorists within the definitions of said policy'' is a factual one to be determined upon a trial; he also points out that section 11580.2 is but ''one facet of the entire financial responsibility law [citation] which is designed to protect persons injured on the highways through no fault of their own. [Citation.]'' (*Inter-Insurance Exchange* v. *Lopez*, 238 Cal.App.2d 441, 446 [47 Cal.Rptr. 834]) and to that end should be liberally construed. (*Interinsurance Exchange* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 153 [23 Cal.Rptr. 592, 373 P.2d 640].) But even a liberal construction of the statute cannot require us to ignore certain well-defined rules of pleading in relation to which the present complaint must be examined. Thus, it is settled that a demurrer does not admit conclusions of law or of fact as alleged in a complaint (*Marin* v. *Jacuzzi*, 224 Cal.App.2d 549, 552 [36 Cal.Rptr. 880]) ; nor does it admit the construction placed on an instrument by the pleader (*Hilltop Properties, Inc.* v. *State of California*, 233

---

[2]Although plaintiff asserts that the policy provisions are ''more comprehensive'' than those found in the code, his repeated failure to set them forth, although presumptively in his power to do so, compels the assumption that they would not support such assertion. See *Ingram* v. *Glissman*, 145 Cal.App.2d 418, 422 [302 P.2d 640].

Cal.App.2d 349, 353 [43 Cal.Rptr. 605]) or allegations contrary to facts of which the court can take judicial notice. (*Chavez* v. *Times-Mirror Co.*, 185 Cal. 20, 23 [195 P. 666].) With respect to the rule last mentioned, in ruling on the demurrer the trial court had before it the Insurance Code; hence, wholly apart from the holding in *Hendricks, supra,* 205 Cal.App.2d 133, that section 11580.2 becomes in effect a part of every policy to which it is applicable, such legislation being judicially noticed could be considered in construing the pleading even though the applicable statutory provisions were not pleaded in the complaint. (*E. H. Morrill Co.* v. *State of California,* 65 Cal.2d 787, 795 [56 Cal.Rptr. 479, 423 P.2d 551].)

■ We are satisfied that the allegation respecting the status of Pickell and the Doe defendants as "uninsured motorists" within the statutory definition thereof is purely conclusional in character, and otherwise vitiated by the rules just mentioned; therefore, unless the pleading set forth facts sufficient to accord such defendants the status claimed for them as defined by the code and not as unilaterally contended for by plaintiff, the ruling in the court below was correct and the action as to INA properly dismissed.

■ Insofar as it involves the Doe defendants, as heretofore noted, there is the requirement of "physical contact" by Car Three with the insured or the vehicle which he occupied. Conceding that no such contact occurred, plaintiff nevertheless argues that the above requirement sets up only minimum standards; hence, if Car Two's physical contact with plaintiff's vehicle was proximately caused by the conduct of Car Three, the statutory requirement is sufficiently satisfied. The same argument appears to have been made in *Inter-Insurance Exchange* v. *Lopez, supra,* 238 Cal.App.2d 441, a true hit-and-run case, where Car Three (which immediately fled the scene) hit Car Two and propelled the latter into Car One whose operator thereafter sought to recover under the uninsured motorist provisions of the policy thereon. Thus, "Appellants suggest that we are dealing with a sequence of events set in motion by the hit-and-run vehicle which proximately caused physical contact with the insured vehicle, and that proof of proximate causation satisfies the statutory requirement for physical contact." (P. 444.) Rejecting such argument, and citing New York cases construing a similar law, the court declared that "the question of proximate cause is largely irrelevant to the determination whether or not physical

contact occurred.'' (P. 444.)[3] What was relevant, the court concluded, was the intended meaning of ''physical contact'' in the subject statute; accordingly, it was held that indirect contact (as there occurred) qualified as physical contact for the purposes of the statute.

Although a hearing in the Supreme Court was thereafter denied, plaintiff claims that the *Lopez* case is distinguishable, asserting further that the matter quoted in footnote 3 is mere dictum. We cannot agree. The decision makes reference to the history of the subject legislation, including the 1961 amendment thereto imposing three limitations on coverage against hit-and-run drivers, one of which confronts us here. As pointed out in the decision, the other two, requiring that the accident be reported to the police within 24 hours and the filing of a claim with the insurer within 30 days, were designed to curb fraud and other abuses; an example would be found in the case of a driver who fell asleep, hit a telephone pole and thereafter claimed he had swerved off the road to avoid being hit by an unidentified car. But in this case, says plaintiff, there is no suggestion of fraud; the accident, he continues, happened exactly as alleged, and the interpretation contended for by INA ''becomes a sword to punish the honest and truthful.'' However, as stated in one of the New York cases cited in *Lopez* (*Bellavia* v. *Motor Vehicle Acc. Indemnification Corp.*, 28 Misc.2d 420 [211 N.Y.S.2d 356]), ''To construe section 617 as affording the protection of article 17-A of the Insurance Law to the cause of action asserted by the applicant here would also require a like result with respect to many other causes of action where it could reasonably be said that the bodily injury arose out of physical contact not with but *proximately caused by* a 'hit and run' vehicle. But if the Legislature had intended to afford such protection, it would seem to have been a fairly simple matter to manifest such intention.'' (P. 358.)

The subject terminology being incapable of the interpretation claimed by plaintiff, our duty is clear. Here there was no physical contact of any character, direct or indirect; nor can we extend or torture the ordinary meaning of the language used unless we assume (which we cannot do) that the Legislature did not know what it was saying and did not mean

---

[3]Interestingly enough, the court hypothetically posed a state of facts exactly the same as those at bar where ''the act of Car X would have been the proximate cause of the accident without having touched either Car B or Car C.'' (P. 444.)

what it said. The court in *People* ex rel. *Hamilton* v. *City of Santa Barbara*, quoting from *Anderson* v. *I. M. Jameson Corp.*, 7 Cal.2d 60, 67 [59 P.2d 962], said: " ' "This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed. This court is limited to interpreting the statute, and such interpretation must be based on the language used." ' " (205 Cal.App.2d 501, 504 [23 Cal.Rptr. 240].)

 The same conclusion must be reached with respect to the alleged status of defendant Pickell as an uninsured motorist. Thus, although the statute provides that the insuring company must deny "coverage" under its policy, it is alleged that Pickell's insurer "has refused plaintiff's written claim" theretofore presented in connection with the accident. "Coverage" and "claim" are by no means synonymous; indeed, it is practically a matter of common knowledge that an insurer against whom a claim is made will frequently deny such claim on issues relating to liability even though coverage actually is afforded in the event that the question of liability is eventually determined against it. Plaintiff is again asking us to add or read words into the statute which are simply not there. "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted. . . ." (Code Civ. Proc., § 1858.)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 24, 1968.