ABATE ET AL., APPELLEES, *v.* THE PIONEER MUTUAL CASUALTY
CO., APPELLANT.

[Cite as Abate v. Pioneer Mutual Cas. Co.,
18 Ohio App. 2d 73.]

(No. 4857—Decided April 22, 1969.)

*Mr. Lawrence J. Damore*, for appellees.
*Mr. Clyde H. Collins*, for appellant.

LYNCH, P. J. Plaintiffs, appellees herein, purchased an automobile liability policy from defendant, appellant herein, which was renewed from January 30, 1966, to April 30, 1966, which contained various coverages, including uninsured motorist protection.

On April 26, 1966, plaintiff Mary Abate was involved in an automobile accident with an uninsured motorist. Plaintiffs demanded arbitration under the uninsured motorists coverage provision of the policy, but defendant declined to arbitrate. Plaintiffs filed a declaratory judgment action against defendant, and the trial court concluded that Section 3937.18, Revised Code, created uninsured motorist coverage in such insurance policy by operation of law. Defendant is appealing on questions of law.

No bill of exceptions was filed for this appeal. The journal entry of the trial court found that "plaintiffs had not purchased or paid a premium to defendant for uninsured motorists coverage to be effective as of April 29, 1966; that the defendant had not offered to the plaintiffs uninsured motorists protection to be effective prior to April 29, 1966, as required by Section 3937.18, Ohio Revised Code; that plaintiffs had not rejected uninsured motorists protection prior to April 29, 1966."

Section 3937.18 of the Revised Code, which became effective with respect to renewals of automobile liability and motor vehicle policies issued after January 1, 1966, provides as follows:

"No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state un-

less coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 4509.20 of the Revised Code, under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connecton with a policy previously issued to him by the same insurer.''

It is clear that Section 3937.18, Revised Code, makes it mandatory that after January 1, 1966, every automobile liability or motor vehicle liability insurance policy or renewals thereof must provide uninsured motorist coverage; however, the insured shall have the right to reject such coverage, and if the insured has once rejected such coverage in connection with a policy previously issued to him by the same insurer, the insured need not provide such coverage in or supplemental to a renewal policy unless the insured requests such coverage in writing. See *Motorists Mut. Ins. Co. v. Bittler*, 14 Ohio Misc. 23, at page 31.

We hold that the issue of whether an insured has rejected uninsured motorist coverage is one of fact. In the instant case, there is no bill of exceptions; therefore, we are bound by the trial court's finding in the journal entry that defendant had not offered to the plaintiffs uninsured motorist coverage when the policy was renewed after the date that Section 3937.18 became effective, and that plaintiffs had not rejected uninsured motorist coverage.

We concur with the decision of the trial court that Section 3937.18, Revised Code, requires every insurance company issuing automobile liability or motor vehicle liability insurance policies to offer uninsured motorist coverage in such a way that the insured understands that such coverage is available so that he can make a decision

to accept or reject such coverage. If the insurance com-pany does not offer uninsured motorist coverage in an automobile liability or motor vehicle liability insurance policy and, as a result, the insured does not reject such coverage, Section 3937.18, Revised Code, creates uninsured motorist coverage in such insurance policy by operation of law.

*Judgment affirmed.*

O'NEILL and JOHNSON, JJ., concur.