STEVEN TROY ELY, b/n/f H. ELY *v.* STATE FARM INS. CO.
HOBERT H. ELY *v.* STATE FARM INS. CO.

[No. 670A96. Filed April 15, 1971. Rehearing denied April 30, 1971. Transfer denied July 7, 1971.]

*Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans,* of Kokomo, for appellant.

*Eugene J. McGarvey, Jr., Fell & McGarvey,* of Kokomo, for appellee.

SULLIVAN, P.J.—In companion cases against the defendant-insurer the complaints of the insured and his son, which alleged failure of the insurer to pay benefits for a hit-and-run accident under an uninsured motorist agreement, were dismissed pursuant to Trial Rule 12(B)(6). The respective rulings were based upon the fact that the complaints contained allegations that there was no physical contact with the uninsured vehicle as required by the policy.

According to the second amended complaints of both Steven Ely and his father, Hobert Ely, Steven was riding as a guest passenger in a car owned by Rae Schleminer and operated by Richard Wagner. As the car travelled west on County Road No. OONS near Kokomo, Indiana, it approached a railroad trestle and began a gradual descent through a road-cut toward the low point of the cut directly beneath the trestle. At a point approximately 350 feet east of the trestle the host driver noticed a truck stopped in the middle of the road a few yards

west of the trestle and he applied his brakes. The car skidded on the wet and mud-covered pavement into a wall of heavy embankment restraining timbers on the north side of the road.

As a result of the accident, Steven Ely, the minor son of Hobert Ely, suffered substantial injuries which he alleged caused undetermined permanent impairment and loss of probable appointment to the United States Air Force Academy. Steven's father claimed recovery for present and future medical expenses for his son and deprivation of his son's services, society and companionship. Both claims were filed with the defendant-appellee pursuant to the uninsured motorist provision of Hobert Ely's automobile insurance policy, the pertinent terms of which are as follows:

"COVERAGE U—DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED AUTOMOBILES:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile * * *."

"DEFINITIONS—INSURING AGREEMENT III
* * *

"Uninsured Automobile—means:
* * *

"(2)    a hit-and-run automobile as defined * * *
* * *

"Hit-and-Run Automobile—means a land motor vehicle which causes bodily injury to an insured *arising out of physical contact of such vehicle* with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such 'hit-and-run automobile'; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police or judicial officer or to the commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or

persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident." (Emphasis supplied)

When the defendant-appellee refused to honor the claims both Steven and Hobert Ely initiated the suits against the insurer hereinbefore mentioned in the amounts of $50,000.00 and $15,-000.00 respectively. Both suits were dismissed for failure to state a claim upon which relief could be granted. After subsequent unfavorable rulings on appellants' motions to correct errors, this consolidated appeal was perfected.

The appellants' sole assignment of error on appeal is that the decisions of the trial court on the dual motions to dismiss were contrary to law. Appellants' supporting argument attempts to answer three self-posed questions:

(1) Is the "physical contact" provision in the insurer's "Coverage U" contrary to the legislative intent of Ind. Ann. Stat. Burns' § 39-4310, being I.C. 1971, 27-7-5-1, and thus against public policy?

(2) Does "physical contact" require actual touching of automobiles or can it be "constructive contact"?

(3) Does proximate cause, if proven, override the "physical contact" limitation?

It must be noted that each question is of first impression in Indiana.

PHYSICAL CONTACT REQUIREMENT NOT CONTRARY TO LEGISLATIVE INTENT OF BURNS' § 39-4310

The appellant asserts that the physical contact requirement of the policy is contrary to the intent of Ind. Ann. Stat. Burns' § 39-4310 (I.C. 1971, 27-7-5-1), which mandates insurers to include non-insured vehicle coverage in policies delivered or issued for delivery in this state.[1] However, no supportive

1. The statute insofar as pertinent reads as follows: "No automobile liability or motor vehicle liability policy or insurance insuring

authority is cited for this proposition. Without contrary knowledge we must infer that the intent of the Indiana General Assembly in enacting this statute paralleled that of the legislatures of 45 other states[2] passing similar uninsured motorist statutes—to provide the insured a modicum of protection against the negligent acts of financially irresponsible motorists. As with many of these statutes, the Indiana version requires only that coverage shall be provided under such provisions as may be approved by the state.

A danger of subversion of the clear legislative intent by virtue of deceptive contractual draftsmanship may exist and courts must, therefore, be cautious in determining the effect of exclusionary or limiting policy language. See *Lawrence* v. *Beneficial Fire & Casualty Co.* (1968), 8 Ariz. App. 155, 444 P. 2d 446. Provisions, however, which appear in keeping with the obvious purpose and intent of Ind. Ann. Stat. Burns' § 39-4310 must be honored.

The policy requirement of "physical contact" is not unreasonable and does not unduly restrict the statute. See *Prosk* v. *Allstate Ins. Co.* (1967), 82 Ill. App. 2d 457, 226 N. E. 2d 498. It attempts to prevent fraudulent claims by requiring of the claimant tangible proof of collision with the vehicle of an uninsured motorist. Thus, its function is to define the risk underwritten by the insurers in this state so that fulfillment of the liberal aims of the law is not incompatible with the economic realities of insurance coverage.

---

against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, Ch. 159, sec. 14 [§ 47-1057], as amended heertofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

2. Widiss, *A Guide to Uninsured Motorist Coverage* (1970) § 1.11.

## PHYSICAL CONTACT REQUIRES ACTUAL TOUCHING

The appellant suggests that proper interpretation of the term "physical contact" does not require that there be an actual touching between the vehicles of the uninsured motorist and that in which the plaintiff rides, but that recovery can be had where there is "constructive" contact.[3] In keeping with the weight of authority, however, we cannot countenance such theory.

It is clear to us that where, as here, there is *no* contact, direct or indirect, between the "hit-run" vehicle and the vehicle occupied by the insured, there can be no recovery. *Lawrence* v. *Beneficial Fire & Casualty Co., supra; Page* v. *Insurance Co. of North America* (1967), 256 Cal. App. 2d 374, 64 Cal. Rptr. 89; *Prosk* v. *Allstate Ins. Co., supra; Roloff* v. *Liberty Mutual Ins. Co.* (La. 1966), 191 So. 2d 901; *Coker* v. *Nationwide Insurance Co.* (1968), 251 S. C. 175, 161 S. E. 2d 175; *Smith* v. *Allstate Insurance Company* (1970 Tenn.), 456 S. W. 2d 654; *Amidzich* v. *Charter Oak Fire Ins. Co.* (1969), 44 Wis. 2d 45, 170 N. W. 2d 813.

Under the provisions of the controlling statute, § 39-4310, all terms and provisions as to extent and definition of coverage other than minimum monetary limits, are subject to the approval of State Commissioner of Insurance. It would be within the province and authority of such commissioner to reject policy provisions which require physical contact as a condition of recovery. He has not seen fit to do so. *See, Smith* v. *Allstate Insurance Company, supra.* It is equally within the province of the legislature to be more specific in its uninsured motorist coverage requirements. The General Assembly has not chosen to do so. *See, Bellavia* v. *Motor Vehicle Accident*

---

3. Like the Supreme Court of South Carolina, in *Coker* v. *Nationwide Insurance Co., infra,* we do not here treat the question of whether the contractual physical contact requirement is fulfilled by indirect contact such as discussed in *Inter-Insurance Exchange of Auto. Club of Co. Cal.* v. *Lopez* (1965), 238 Cal. App. 2d 441, 47 Cal. Rptr. 834, and *Barfield* v. *Insurance Co. of No. Amer.* (1968 C.A. Tenn.), 443 S.W. 2d 482.

*Indemnification Corp.* (1961), 211 N. Y. S. 2d 356; *Page* v. *Insurance Co. of North America, supra; Coker* v. *Nationwide Insurance Co., supra;* compare *Motor Vehicle Accident Indemnification Corp.* v. *Eisenberg* (1966), 18 N. Y. 2d 1, 218 N. E. 2d 524.

For us to extend coverage in this situation would be to rewrite the clear and unambiguous language of the insurance contract. This we are not empowered to do. *McClain's Estate* v. *McClain* (1962), 133 Ind. App. 645, 183 N. E. 2d 842.

In *Lawrence* v. *Beneficial Fire & Casualty Co., supra,* the court, construing policy language practically identical to that here considered, in a very well reasoned opinion stated:

> "We find nothing misleading or ambiguous about the wording used in both policies to define 'hit and run automobile' or in setting out the requirement of physical contact. If we ignore or do away with the physical contact requirement we would be rewriting the contract between these parties, and would be rendering the phrase 'hit and run' meaningless. 'Hit', in the ordinary sense, requires some 'physical contact'. If this were not the case, and if we hold that no contact is required, then we would be rewriting the policy to have it contain 'miss and run automobile' coverage, or 'evasive action' coverage. We cannot expand the language used beyond its plain and ordinary meaning, nor should we add something to the contract which the parties have not put there."

We are not unmindful of the equitable merits of the position advanced by appellants here. It was ably enunciated in *Amidzich* v. *Charter Oak Fire Insurance Co., supra,* as follows:

> "An alert, athletic pedestrian who barely manages to avoid contact with such a car by leaping through a plate glass display window receives the unkindest cuts of all for his efforts, but cannot qualify. Snubbed, too, is the driver who miraculously manages to steer his car off the highway and thus avoid a collision with an oncoming vehicle traveling in the wrong lane, but in so doing effects a rather abrupt stop against an unyielding bridge abutment. Seemingly, then, this requirement once again illustrates vividly the bit-

ter truth of that time-worn pronouncement that 'close ones only count in horseshoes.' "

The Wisconsin Court, however, in construing a statute and policy provisions virtually identical to those here considered, clearly, concisely and wisely rejected this equitable approach. We cannot improve upon that holding which insofar as pertinent states:

"We are satisfied that the phrase in the policy, 'physical contact,' is intended to express no other meaning than that which is plainly apparent on its face. Despite the forceful arguments of the appellants, we conclude that there is no reasonable construction to this phrase that supports other than the requirement that there be an actual striking between the 'hit and run automobile' and the insured's vehicle, at least in a situation where only two vehicles are involved.
\* \* \*

"The policy clearly requires a touching or contact between the two vehicles to constitute a hit or 'physical contact.' When a plain meaning of a word of a statute or contract is apparent, we need not resort to either construction or case law to bolster out recognition of that plain meaning.
\* \* \*

"The plaintiffs, of course, contend that the interpretation which we give the term, 'physical contact,' is so strict as to inequitably defeat the legislative intention to compensate injured plaintiffs who have no recourse against the actual tortfeasor. We have on numerous occasions expressed the opinion that it is a proper concern of the state that plaintiffs who have sustained injuries through no fault of their own be compensated by the tortfeasor. Courts, however, do not have the prerogative to engage in the equitable redrafting of contracts when the terms of those contracts are plain on their face.
\* \* \*

"In addition to the argument of ambiguity, the plaintiff urges us that coverage be afforded because it is clearly the legislative intention of sec. 204.30 (5), Stats., to protect the victim of a hit and run accident against a fleeing tortfeasor. Although a legislature or a court cannot *ex post facto* compel the performance of conditions in a contract which the parties did not contemplate or bargain for, coverages omitted from an insurance contract may nevertheless be compelled and enforced as though a part thereof where the inclusion

of such coverage is required by a properly enacted statute. In such case a policy of insurance omitting a required coverage will be enforced as though it had been written in accordance with the legislative prescription. In the instant case, however, we see no failure to incorporate all that the statute requires. In fact, we deem the policy coverage afforded by the defendant, The Charter Oak Fire Insurance Company, to be in excess of the minimum required by sec. 204.30(5). Sec. 204.30(5) requires that coverage be provided for the protection of persons who are legally entitled to recover damages from the owners of *uninsured motor* vehicles. A strict construction of this statute could require that there be proof that the vehicle whose driver caused the injury was in fact uninsured. The policy of insurance places no such onerous burden upon a claimant but rather expresses the insurer's willingness to assume without proof that a 'hit and run' vehicle is in fact uninsured. As a consequence, we conclude that the policy represents not a constriction of the coverage required by statute but a broadening. There is no requirement either by specific legislation or by necessary implication that would lead us to conclude that it was the legislative intent that coverage must be afforded in the absence of 'physical contact.'

"Apparently the thinking of the underwriters was that a person who forced another automobile off the road without contact could under some circumstances have done it unknowingly and might, therefore, have left the scene even though fully insured, but one who made actual physical contact would know of this collision with another vehicle and might well have left the scene because he had no insurance. Persuasive arguments could be made that statutory requirements to afford coverage to the plaintiff should be provided. The present statute, however, does not require such coverage, nor does the policy as written provide for it." (Emphasis supplied). 170 N. W. 2d 816-818. *See also, Smith* v. *Allstate Insurance Company, supra.*

## PHYSICAL CONTACT REQUIREMENT NOT OBVIATED BY EVIDENCE OF PROXIMATE CAUSATION

The appellants alternatively argue that where there is a showing of proximate causation the element of fraud is eliminated and recovery under the policy should be granted notwithstanding the lack of actual physical contact. This argument has been unsuccessfully urged in order

jurisdictions having a statutory requirement of "physical contact". It is true that for a person injured in an automobile accident to recover from the tortfeasor who caused the accident, physical contact is not required. This is a matter of common law negligence. In this case, however, the insured is attempting to recover from an insurer based upon the provisions of a policy of insurance. The law of contract as opposed to the law of negligence, is controlling here. As stated in *Inter-Insurance Exchange of Auto. Club of So. Cal.* v. *Lopez, supra*:

> "Appellants suggest that we are dealing with a sequence of events set in motion by the hit-and-run vehicle which proximately caused physical contact with the insured vehicle, and that proof of proximate causation satisfies the statutory requirement for physical contact.
>
> \* \* \*
>
> "If the physical contact requirement of the statute could be satisfied by merely showing that the hit-and-run vehicle was the proximate cause of the accident, then this provision would be largely written out of the statute. We are unwilling to do this, for the protection against phantom-car frauds would be diluted and the door reopened to the abuses found to have arisen prior to the 1961 amendments. In our view the question of proximate cause is largely irrelevant to the determination whether or not physical contact occurred." 47 Cal. Rptr. 834, 835. *See also, Page* v. *Insurance Co. of North America, supra*.

We echo the fears voiced in *Lopez* and state our approval of a physical contact requirement in uninsured motorist provisions in policies issued in this state pursuant to Ind. Ann. Stat. Burns' § 39-4310.

Judgments affirmed.

Buchanan, Lowdermilk, Robertson, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 316.