MARGARET L. CANNON, MARYANNE CANNON *v*. AMERICAN UNDERWRITERS, INC.

[No. 571A90. Filed November 22, 1971. Rehearing denied December 14, 1971. Transfer denied February 24, 1972.]

*Charles S. Gleason, Gleason, Woods & Johnson,* of Indianapolis, for appellants.

*Marshall E. Williams, Heeter & Johnson,* of Indianapolis, for appellee.

SHARP, J.—The trial court granted summary judgment for the Defendant-Appellee, American Underwriters, Inc., Attorney in Fact for the Subscribers of American Interinsurance Exchange, in an action brought by Margaret L. Cannon and Maryanne Cannon, Plaintiffs-Appellants for declaratory judgment. In this case, the facts are not in dispute and the sole question to be determined is one of law. The question, in its simplest form, is whether or not an exclusion contained in a policy issued by the Defendant-Appellee, which was in effect on February 6, 1968, was contrary to Indiana's Uninsured Motorists Statute which is Acts 1965, Chapter 138 as found in Ind. Stat. Ann. § 39-4310 (Burns 1965), I.C. 1971, 27-7-5-1.

The particular exclusion in question reads as follows:

"This policy does not apply under the Uninsured Motorists Coverage: unless the insured, at the time of the accident, was operating or occupying an insured automobile."

In another part of the policy, the term "insured automobile" is defined as follows:

"As used with respect to Uninsured Motorists Coverage "insured automobile" means:

a. The described automobile(s) appearing in the Declarations of the policy to which the Uninsured Motorists Protection Coverage Endorsement applies.

b. Any replacement automobile owned by the named insured if, and only if, such replacement has been reported to the Exchange within 30 days from its purchase and the Declarations are changed accordingly; but the term "insured automobile" shall not include a trailer of any type, or any automobile while used as a public or livery conveyance."

The complaint in this case alleges that on February 6, 1968, the Plaintiff-Appellant, Maryanne Cannon, was riding in an automobile driven by one Jeremiah Shine and registered in his name. While riding in such automobile, it was involved in an accident in which Maryanne Cannon was injured. The automobile driven by Jeremiah Shine was an uninsured automobile. The automobile on which the Defendant-Appellee had issued insurance was in no way involved in the accident in question. The policy in question provided uninsured motorist protection for the named insured, Margaret L. Cannon, and her minor children residing with her at the time of the accident. Maryanne Cannon was one of her minor children who resided with her at the time of the accident.

Thus, the question for our determination is whether it is permissible for an automobile liability insurance carrier to limit the application of the uninsured motorist clause to accidents in which the automobile insured under the principal policy is directly involved or whether said clause in undertaking to limit and qualify the uninsured motorist statute conflicts with the plain terms of the statute. The precise question is one of first impression in this state as far as we have been able to determine.

The pertinent section of the Indiana Uninsured Motorists Act is as follows:

Ind. Stat. Ann. § 39-4310 (Burns 1965), I.C. 1971, 27-7-5-1. "No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, chapter 159, sec. 14 [§ 47-1057], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily

injury, sickness or disease, including death, resulting therefrom; Provided, that the named insured shall have the right to reject such coverage (in writing) and Provided further, That unless the named insured thereafter requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer. [Acts 1965, ch. 138, § 1, p. 215.]"

Various questions of interpretation in regard to the Indiana Uninsured Motorists Statute have been recently determined in a trilogy of cases decided by this court. See *Indiana Insurance Company* v. *Noble* 148 Ind. App. 297, 265 N. E. 2d 419 (1970), *Patton* v. *Safeco Insurance Company* 148 Ind. App. 548, 267 N. E. 2d 859 (1971) and *Ely* v. *State Farm Mutual Automobile Insurance Company* 148 Ind. App. 586, 268 N. E. 2d 316 (1971). The general interpretative attitude with reference to uninsured motorists statutes is set forth in *Indiana Insurance Company* v. *Noble* at 265 N. E. 2d 419:

"Where the provisions of a policy regarding uninsured motorist coverage are more restrictive than the relevant statutory provisions requiring the same, the requirements of the statute will prevail. (citations omitted)

"The legislative purpose in the enactment of statutes providing for uninsured motorist endorsement should be interpreted in the light that such endorsement is designed to protect the insured, and any operator of the insured's automobile with insured's consent, against any injury caused by negligence of uninsured or unknown motorists. (citations omitted)

"Purpose and object of uninsured motorist coverage must be considered in the statutory framework of minimum coverages required by law. (citations omitted)

"Uninsured motorist legislation is remedial in nature and should be liberally construed. (citations omitted)

"An attempt by the insurer to dilute or diminish uninsured motorist statute protection is contrary to public policy. (citations omitted)

"An uninsured motorist endorsement that contravenes the requirement of the statute is, to that extent, invalid regard-

less of the insurance department's approval of it." (citations omitted)

In *Patton* v. *Safeco Insurance Company of America,* Judge Hoffman speaking for Division Two of this Court stated at 267 N. E. 2d 859:

■ "Insurance contracts are to be interpreted most favorably to the insured. (citations omitted)
■ "Likewise, statutes regulating insurance should be liberally construed in favor of the insured.

"Section 39-4310 *supra,* states that "[n]o * * * policy of insurance * * * shall be delivered or issued for delivery in this state * * * unless * * *." Such statute further states that it is "* * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." The thrust of the statute is directed at each policy of insurance and for the protection of persons insured. The Legislature was certainly aware of the fact that insured persons are injured in "non-owned" automobiles by uninsured motorists."

Likewise, Judge Sullivan speaking for Division One of this Court in *Ely* v. *State Farm Mutual Automobile Insurance Co.* at 268 N. E. 2d 316 said:

"A danger of subversion of the clear legislative intent by virtue of deceptive contractual draftsmanship may exist and courts must, therefore, be cautious in determining the effect of exclusionary or limiting policy language. See Lawrence v. Beneficial Fire & Casualty Co. (1968) 8 Ariz. App. 155, 44 P. 2d 466 . . ."

Another important case, *Simpson* v. *State Farm Mutual Automobile Insurance Co.,* 318 F. Supp. 1152 (D.C.S.D.Ind. 1970) was quoted with approval by this court in *Patton* v. *Safeco Insurance Company of America, supra.*

The language in *Patton* v. *Safeco Insurance Co. of America* the uninsured motorist statute is for the protection of *persons* is particularly persuasive in this case. As stated in *Patton,* insured thereunder who are legally entitled to recover dam-

ages from owners or operators of uninsured motor vehicles. Appellee's coverage (as limited by the exclusion in question) afforded protection to only a fraction of such persons. It therefore, as written, does not provide the protection required. It must be given effect as though the exclusion was not written into it. It was limited to such persons who at the time of the injury, were "operating or occupying an insured automobile," the same being defined as the automobile or automobiles named in the principal policy. Coverage applicable to only a small portion of those insured persons legally entitled to the same under the statute is a subversion of the intent of the legislature, such intent being to afford coverage to all insured persons who legally substantiate their claims. The legislature did not limit coverage to such persons injured by uninsured motorists solely to accidents involving the vehicle upon which the primary coverage was written. The *Patton* case expressly negates any such limitation. In this case, the appellants are named insureds. Appellant Maryanne Cannon was injured by the operation of an "uninsured motor vehicle." Whether she is "legally entitled to recover damages" from the owner or operator is a question which must be decided later.

We, therefore, hold that the exclusion above quoted is in conflict with Acts 1965, Chapter 138, § 1 as found in Ind. Stat. Ann. § 39-4310 (Burns 1965), I. C. 1971, 27-7-5-1 to the extent that it attempts to limit uninsured motorist coverage to accidents growing out of the operation or occupation of the insured vehicle.

While upon a superficial examination of *Ely, supra,* it may appear that this court approved an "exception," the effect of which was to limit protection under an uninsured motorist clause to less than all the persons statutorily required to be protected, such is not the case. Actually coverage is extended rather than curtailed by the provision and more persons are covered than the statute requires. In addition to protecting persons legally entitled to recover damages because of injury

by provably uninsured automobiles, the coverage afforded in *Ely* also gave protection to persons injured by drivers of "hit and run automobiles," such automobiles upon certain attached conditions being included in policy's definition of "uninsured automobile." Thus *Ely* deals not with a statutorily required uninsured motorists coverage, but with additional coverage, a hit and run coverage, which no Indiana law requires. *Ely* cites *Prosh* v. *Allstate Ins. Co.*, 82 Ill. App. 2d 457, 226 N. E. 2d 498 (1967) which interpreted an Illinois statute (Ill. Ann. Stat. 73 § 755 a) which does require such coverage.

Our decision is buttressed by general authority and authority from other jurisdictions.

The only general treatise in this area is *A Guide to Uninsured Motorists Coverage*, Widiss (1969). At page 29 in Widiss it is stated:

> "There seems to be a growing trend of decisions in which courts have taken the position that such restrictions upon the coverage (so long as they are not specifically authorized by the state's uninsured motorist legislation) are against the public policy and therefore void. One case involving this type of issue, although not this precise point, elicited the following response which speaks to the question generally:

>> Thus the uninsured motorist coverage was applicable if, at the time of sustaining injury . . . a named insured was occupying the Ford described in his policy or was on foot, or on horseback, or while sitting in his rocking chair on his front porch or while occupying a non-owned automobile furnished for his regular use . . .

> Although thus far only a few courts have adopted this view with respect to this particular provision, it is reasonable to anticipate more general application of this approach in the future.

> "There are somewhat similar considerations when an insured as defined by clause (a) is injured while he is a passenger in an uninsured vehicle (not owned by himself), and the driver of that vehicle the negligent uninsured motorist. Although there is no provision that specifically purports to restrict coverage, some insurers have attempted

to avoid liability for such claims. In the few cases so far decided, the courts have rejected the insurers' argument and allowed recovery." (footnotes omitted)

In *Bowsher* v. *State Farm Fire and Casualty Company*, 244 Or. 524, 419 P. 2d 606 (1966), The Supreme Court of Oregon said:

"We hold that Bowsher and his injuries are the key to the problem. As far as Bowsher was concerned, Simpson was operating an "uninsured motor vehicle" within the meaning of Bowsher's policy as the policy must be construed under ORS 736.317 (2).

"The trial court held that the legislative intent in requiring certain insurance policies to provide protection for policyholders injured by operators of "uninsured motor vehicles" should be liberally construed to the end that persons injured by uninsured motorists be protected to the limits of such policies to the same extent that they would have been protected if the tortfeasors had carried insurance. We agree. See Peterson v. State Farm Mut. Auto. Ins. Co., 238 Or. 106, 393 P. 2d 651 (1964).

"There is no doubt that if Simpson had been driving some other automobile with Bowsher as his passenger, and had injured Bowsher in exactly the same manner as he injured him in his own automobile, any applicable "uninsured automobile" coverage paid for by Bowsher would have been available to Bowsher. Nothing in ORS 736.317 (2) suggests an intent to treat an owner of an insurance policy differently when he is injured riding in his own automobile than when he is injured riding in another automobile.

"Since the matter is not before us on the present record, we of course express no opinion upon the liability of Simpson to respond in damages to Bowsher. We hold only that the "uninsured-automobile" coverage of Bowsher's policy, for whatever it may be worth, is available to Bowsher in this case."

See also *Whitney* v. *American Fidelity Company*, 350 Mass. 575, 215 N. E. 2d 767 (1966). One of the most comprehensive opinions on the subject is an Ohio case, *Motorists Mut. Ins. Co.* v. *Bittler*, 14 Ohio Misc. 23, 235 N. E. 2d 745 where the court stated:

"The insurance industry has endeavored to provide complete insurance protection for the motorists of the nation so that when a motorist pays the amount of the agreed premiums he can feel relieved of all substantial financial obligations which might result from injury caused by or to him, from the operation of automobiles.

"Uninsured motorists endorsements have only been written within fairly recent years. They were written so that indemnification could be received for damages resulting from injuries sustained by an insured and arising out of ownership, maintenance or use of an uninsured automobile by another.

"Section 3937.18 Revised Code, effective February 21, 1967, makes it mandatory that uninsured motorists coverage be included with each motor vehicle liability policy unless such coverage is rejected by the policyholder.

"Such an endorsement does not provide any indemnification for damages to an automobile. It covers injury only to the person. It can only be purchased in conjunction with or as supplemental to an automobile policy.

*"It is not necessary for an injured insured to be occupying any automobile to be entitled to the protection of this endorsement. If he is injured, by accident when a pedestrian as the result of the operation of an uninsured automobile, he is covered."* (Our emphasis)

(While *Motorists Mut. Ins. Co.* is a reported trial court opinion, it has been cited on several points by appellate tribunals. See *Ohio Farmers Ins. Co.* v. *Wright,* 17 Ohio St. 2d 73, 246 N. E. 2d 552 (1969) and *Abate, et al.* v. *The Pioneer Mutual Casualty Co.,* 18 Ohio App. 2d 73, 246 N. E. 2d 919 (1969)).

As a matter of law, the trial court committed reversible error in granting summary judgment to the Defendant-Appellee. Since this case involves purely a question of law, we have determined the law to be with the Plaintiffs-Appellants, this cause should be and hereby is remanded with instructions to enter judgment for the Plaintiffs-Appellants on the issue of coverage as raised by their complaint for declaratory judgment.

Reversed and remanded.

Hoffman, C. J., White and Staton, J.J., concur.

NOTE.—Reported in 275 N. E. 2d 567.