**TRINITY UNIVERSAL INSURANCE COMPANY, a Texas Corporation, Plaintiff,**

v.

**Charles CAPPS et al., Defendants.**

**No. 73 H 140.**

United States District Court, N. D. Indiana, Hammond Division.

Jan. 11, 1974.

Travis, Tinkham & Schreiner, by James E. Schreiner, Hammond, Ind., for plaintiff.

Saul I. Ruman, Hammond, Ind., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

The plaintiff, Trinity Universal Insurance Company, brought this action for a declaratory judgment with reference to policy number FI 5061107 which was in effect as to a 1971 Toyota Corolla and a 1962 Ford truck owned by the defendant, Charles Capps, on March 14, 1972. On that date the 1971 Toyota was involved in an accident in which personal injuries and property damage resulted from a collision of said 1971 Toyota with an uninsured vehicle.

The defendants have alleged damages because of the deaths of Eula Capps and John Capps and the personal injuries to Heidie Capps and Douglas Capps.

On July 26, 1973 the defendants filed their motion for partial summary judgment supported by an extensive brief. On November 15, 1973 the plaintiff filed its motion for summary judgment supported by an equally extensive memorandum of authority. Oral argument was heard on the issues raised by these two motions on December 27, 1973. Since these two motions raise the same basic question and that the question raised is one of law and not of fact the court will proceed to determine the legal question involved. In oral argument it was agreed by counsel for both the plaintiff and defendants that there was no dispute as to any fact in this case. This case involves the interpretation of said policy FI 5061107. The schedule of coverages and premium costs are attached to this opinion as Exhibit A. [Exhibit not published.]

It is readily apparent from an examination of said schedule that policy number FI 5061107 insured two distinct vehicles and the breakdown and total of the premium costs for the coverages on each vehicle was distinctly itemized.

The plaintiff concedes that the defendants are entitled to the $30,000.00 for uninsured motorist and $2000.00 under "expenses for medical services" under the coverages pertaining to the Toyota vehicle under said policy. It denies that the plaintiff is liable under said policy for the $30,000.00 of uninsured motorist coverage and the $2000.00 "expenses for medical services" under the coverage for the 1962 Ford truck. The Ford truck was in no way directly or indirectly involved in the collision in which the injuries and deaths of the defendants occurred.

The defendants rely primarily upon the unreported case of *Dunn v. Meridian Mutual Insurance Company* which was Civil Number 70 H 329 in this court decided November 16, 1972. There are at least two important features of *Dunn* that are significant here. First, in *Dunn* the insured was driving a third party's automobile and, secondly, in *Dunn* there were two vehicles insured in the same insurance policy but the court found in said policies an ambiguity because the coverages were not tied to a particular insured automobile.

In this case the uninsured motorist coverage and the medical expense coverage are carefully distinguished, delineated and tied to a particular vehicle. This court finds that the policy in this case is not guilty of the same ambiguities as the one in the *Dunn* case.

We do not have here the situation involving two separate and distinct policies of insurance which are found in *Patton v. Safeco Insurance Company of America*, Ind.App., 267 N.E.2d 859 (1971), involving "other insurance" or "excess escape" clauses. Furthermore, the issue in *Patton* of subversion of the Indiana Uninsured Motorist Statute pertaining to minimum limits does not apply here since in this case the insured will receive more than the lawful limits.

Part IV is attached hereto as Exhibit B. [Exhibit not published.] The defendants claim that the language in item IV on the plaintiff's endorsement mentions "coverages" and the limit of liability clause in part IV limits recovery in any one accident to the total amount stated in the declaration, an ambiguity exists which should be construed in favor of the insured to allow "stacking".

The language referred to by the defendants is clear and subject to only reasonable interpretation. References to "coverages" in item IV on plaintiff's endorsement obviously refers to coverages A through J which clearly set forth the various liabilities and damages which are covered under the terms of the policy. The schedule for payments under the various coverages for the two vehicles are clearly set forth on the declaration sheet as are the premium charges for each coverage. The limits of the plaintiff's liability for accidents involving the Toyota automobile, car 1, are $15,000.00 and $30,000.00. The limits of liability language in part IV of the plaintiff's policy merely points out that the plaintiff's liability for each accident is the amount stated in the declaration sheet. If defendants are involved in an accident with an uninsured motorist which involves operating car 1 the limits are $15,000.00 and $30,000.00 and with car 2 are $15,000.00 and $30,000.00. [We are not here confronted with the situation involved in *Cannon v. American Underwriters, Inc.*, Ind.App., 275 N.E.2d 567 (1971)]. Neither is there any question in this case that any of the provisions of this policy are contrary to the Indiana Uninsured Motorist Statute as was found in *Indiana Insurance Co. v. Noble*, Ind.App., 265 N.E.2d 419 (1970). Neither do we have the excess insurance problem which existed in *Simpson v. State Farm Mutual Insurance Co.*, 318 F.Supp. 1152 (S.D.Ind. 1970).

This court finds that the policy here in question as to the delineation of cov-

erages and premiums is clear and unambiguous. It is elementary that this court should not proceed to engage in a rewriting or extending of coverage which are clear and unambiguous in the policy. See O'Meara v. American States Ins. Co., Ind.App., 268 N.E.2d 109 (1971), and Ely v. State Farm Mutual Automobile Insurance Co., Ind.App., 268 N.E.2d 316 (1971). Therefore, defendants' motion for partial summary judgment is hereby denied. Plaintiff's motion for summary judgment is hereby granted.