ALICE MAE TAYLOR AND ALICE MAE TAYLOR ADMINISTRATRIX OF THE ESTATE OF ANDY LEE TAYLOR, SR., DECEASED *v.* AMERICAN UNDERWRITERS, INC., ATTORNEY-IN-FACT FOR AMERICAN INTERINSURANCE EXCHANGE, AN INDIANA INSURANCE CORPORATION.

[No. 3-974A152. Filed July 28, 1976.]

*Clarence Borns, Lamber C. Genetos, Borns, Quinn, Kopko &
Lindquist,* of Merrillville, for appellant.

*James K. Whitaker,* of Hammond, for appellee.

HOFFMAN, J.—Plaintiff-appellant Alice Mae Taylor, in her
individual capacity and as Administratrix of the Estate of
Andy Lee Taylor, Sr., deceased, appeals from the order of the
trial court granting the motion of defendant-appellee Ameri-
can Underwriters, Inc., Attorney-in-fact for American Inter-
insurance Exchange (American) for summary judgment.

The facts most favorable to appellee reveal that on May 4,
1971, an automobile struck and killed Andy Lee Taylor, Sr.,
while he was a pedestrian. The identities of both the owner
and the operator of the vehicle involved are unknown to the
parties.

Appellant Alice Mae Taylor, the wife of decedent, owned an
automobile insurance policy issued by American, which policy
was in full force and effect at the time of the accident.

The policy contained an "Uninsured Motorists Protection
Coverage Endorsement" which covered decedent as a "Persons
Insured" and which provided, *inter alia*:

"IN CONSIDERATION OF the additional premium at
which this policy is written, American Underwriters, Inc.,

Attorney-in-Fact for the subscribers at American Interinsurance Exchange, hereafter called the Exchange, hereby agrees:

"To pay all sums which the insured or his legal representative shall be legally entitled to receive as damages from the owner or operator of an uninsured automobile because of bodily injury, including death resulting therefrom sustained by the insured, caused by accident and arising out of the use of such uninsured automobile; * * *.

\* \* \*

"*Additional Definitions.* As used with respect to Uninsured Motorists Coverage.

\* \* \*

'uninsured automobile' includes:

\* \* \*

b. A hit-and-run automobile;

\* \* \*

'*hit-and-run automobile*' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such automobile; (b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof, and (c) at the company's request the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident. These provisions are mandatory and not merely directory." (Emphasis as appears in original.)

Appellants filed with American a claim for benefits under the endorsement, contending that it covered the accident which caused the decedent's death. American denied the claim on the ground that the decedent was not occupying an automobile which was struck by the hit-and-run vehicle. Appellants then initiated the instant action seeking recovery for the decedent's death on the basis of the foregoing endorsement.

Appellants first challenge the order of the trial court in that it was based on a finding that the endorsement was not ambiguous. Appellants contend that there is a conflict in the insurance policy between the insuring clause in which American promised to provide protection to the insured and the limitation of coverage contained in the definition of "hit-and-run automobile." Appellants also assert that American's drafting of the endorsement exacerbated the ambiguity in that the insurer neither included the words "as defined" immediately following the initial reference to a "hit-and-run automobile" nor defined that term immediately following the first use of such term. Appellants point out that there were 18 lines between the first use of such term and its definition.

It is well-settled that this court will construe an ambiguous insurance contract in favor of the insured. *See, United Farm Bureau Ins. Co.* v. *Pierce* (1972), 152 Ind. App. 387, 283 N.E.2d 788 (transfer denied), and cases cited therein. However, for us to so construe the endorsement, it must be susceptible of more than one interpretation, so that reasonably intelligent men, upon reading it, would honestly differ as to its meaning. Further, the mere existence of a controversy as to the meaning of an insurance policy does not establish that such an ambiguity exists. *O'Meara* v. *American States Ins. Co.* (1971), 148 Ind. App. 563, 268 N.E.2d 109 (transfer denied). Rather, this court must consider all the provisions of a policy in determining its meaning. *American Mutual Liability Ins. Co.* v. *Duesenberg* (1938), 214 Ind. 488, 14 N.E.2d 919, 117 A.L.R. 1293.

Upon examination of the entire endorsement at issue in this case, there emerges but one reasonable interpretation of the term "hit-and-run automobile" and of the coverage provided for accidents involving such a vehicle. A "hit-and-run automobile" is defined, in part, as an automobile (1) in which the identity of the owner and operator cannot be ascertained, and (2) which makes physical contact with an automobile occupied by the insured. Any other

construction of the endorsement would amount to writing a new and different contract for the parties which this court may not do. *Bell et al.* v. *New York Life Ins. Co.* (1963), 134 Ind. App. 614, 190 N.E.2d 432. The trial court did not err in holding that the endorsement here at issue was not ambiguous.

Appellants also take exception to the order of the trial court insofar as it was based on a finding that the foregoing endorsement did not contravene IC 1971, 27-7-5-1 (Burns Code Ed.), our uninsured motorists statute. Appellants correctly assert that where provisions of an uninsured motorist endorsement are more restrictive than IC 1971, 27-7-5-1, *supra,* the requirements of the statute prevail, and, further notes that the statute and endorsement are to be construed in favor of the insured. *Ind. Ins. Co.* v. *Noble* (1970), 148 Ind. App. 297, 265 N.E.2d 419 (transfer denied); *Patton* v. *Safeco Ins. Co.* (1971), 148 Ind. App. 548, 267 N.E.2d 859.

Appellants contend that the statute requires coverage of an insured who, while a pedestrian, is injured by a hit-and-run vehicle. IC 1971, 27-7-5-1, *supra,* provides in pertinent part:

"No automobile liability or motor vehicle liability policy or insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, chapter 159, sec. 14 [9-2-1-15], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

This court in *Cannon* v. *Amer. Underwriters, Inc.* (1971), 150 Ind. App. 21, 275 N.E.2d 567 (transfer denied), held that

provisions limiting uninsured motorist coverage to accidents involving the particular automobile or automobiles upon which the primary coverage was written are ineffective. In extending uninsured motorist coverage to injuries suffered by an insured while riding in a vehicle which was not an insured automobile under the principal policy, we stated, at 25-26 of 150 Ind. App., at 569-70 of 275 N.E.2d:

"The language in Patton v. Safeco Insurance Co. of America [(1971), 148 Ind. App. 548, 267 N.E.2d 859], is particularly persuasive in this case. As stated in Patton, the uninsured motorist statute is for the protection of *persons* insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. Appellee's coverage (as limited by the exclusion in question) afforded protection to only a fraction of such persons. It therefore, as written, does not provide the protection required. It must be given effect as though the exclusion was not written into it. It was limited to such persons who at the time of the injury, were 'operating or occupying an insured automobile,' the same being defined as the automobile or automobiles named in the principal policy. Coverage applicable to only a small portion of those insured persons legally entitled to the same under the statute is a subversion of the intent of the legislature, such intent being to afford coverage to all insured persons who legally substantiate their claims. The legislature did not limit coverage to such persons injured by uninsured motorists solely to accidents involving the vehicle upon which the primary coverage was written. . . .

"We, therefore, hold that the exclusion above quoted is in conflict with Acts 1965, Chapter 138, § 1 as found in Ind. Stat. Ann. § 39-4310 (Burns 1965), IC 1971, 27-7-5-1 to the extent that it attempts to limit uninsured motorist coverage to accidents growing out of the operation or occupation of the insured vehicle."[1]

Appellants further rely on language from *Motorists Mut. Ins. Co.* v. *Bittler* (1968), 14 Ohio Misc. 23, 235 N.E.2d 745, which we approved in *Cannon,* stating that the insured need not be occupying any automobile to be covered by his endorse-

---

1. In the official reporter, the second and third lines of the quotation as it appears at 25 of 150 Ind. App. were interchanged. Therefore, the quotation set forth is as it appears at 569 of 275 N.E.2d.

ment and would be covered if injured, as a pedestrian, by an uninsured automobile.

However, appellants fail to realize that the *Cannon* decision was addressed to an attempt to limit coverage to less than what the statute requires. Hit-and-run coverage is not a required coverage under the uninsured motorist statute. In holding that hit-and-run coverage is in excess of what the statute requires, we said in *Cannon,* at 26-27 of 150 Ind. App., at 570 of 275 N.E.2d:

> "While upon a superficial examination of *Ely, supra,* [(1971), 148 Ind. App. 586, 268 N.E.2d 316 (transfer denied)], it may appear that this court approved an 'exception,' the effect of which was to limit protection under an uninsured motorist clause to less than all the persons statutorily required to be protected, such is not the case. Actually coverage is extended rather than curtailed by the provision and more persons are covered than the statute requires. In addition to protecting persons legally entitled to recover damages because of injury by provably uninsured automobiles, the coverage afforded by *Ely* also gave protection to persons injured by drivers of 'hit and run automobiles,' such automobiles upon certain attached conditions being included in policy's definition of 'uninsured automobile.' Thus *Ely* deals not with a statutorily required uninsured motorists coverage, but with additional coverage, a hit and run coverage, which no Indiana law requires."

Where hit-and-run coverage is not required by the uninsured motorists statute, the courts of this Country generally permit the insurer to establish limits on the broader coverage. *See,* A. Widiss, *A Guide to Uninsured Motorist Coverage,* § 2.41, at 78-79 (1976 Supp.). Consequently, such provision is one of contract between the parties and for us to extend coverage in this situation would be to rewrite the clear and unambiguous language of the insurance contract.

Thus, the trial court did not err in finding that the hit-and-run coverage did not conflict with the uninsured motorists statute.

Having found no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 352 N.E.2d 86.