VERNON FIRE & CASUALTY INSURANCE COMPANY *v.* AMERICAN UNDERWRITERS, INC. ATTORNEYS-IN-FACT FOR THE SUBSCRIBERS OF AMERICAN INTERINSURANCE EXCHANGE.

[No. 2-575A128. Filed November 18, 1976.]

*C. Wendell Martin, Robert L. Hartley, Jr., Bredell, Martin & McTurnan,* of Indianapolis, for appellant.

*Marshall E. Williams, Heeter, Johnson, Salb & Williams,* of Indianapolis, for appellee.

LYBROOK, J.—Plaintiff-appellant, Vernon Fire & Casualty Insurance Company (Vernon), brings this appeal following an adverse ruling by the trial court on its Complaint for Declaratory Judgment against defendant-appellee, American Underwriters, Inc. (AUI).

The facts of this case indicate that on May 5, 1973, Joe Lancaster was a passenger on a motorcycle owned and operated by Jack A. Davidson. The motorcycle was involved in a collision with an automobile operated by Pete A. Hall, an uninsured motorist. As a result of the collision, Davidson was killed and Joe Lancaster was seriously injured. Lancaster was hospitalized for a period in excess of seven months and incurred medical expenses of $23,998.43. The parties stipulated that Hall was negligent and the proximate cause

of the collision. It was further stipulated that the medical expenses were correct.

At time of the collision, Joe Lancaster and his father, Robert, who paid Joe's medical expenses, held a policy of insurance with Vernon which provided for uninsured motorist protection. At that time Davidson held a policy of insurance on his motorcycle providing both liability and uninsured motorist coverage. AUI issued Davidson's policy. AUI denied coverage to Lancaster on the basis of a policy defense, contending that its policy provisions precluded uninsured motorist coverage to passengers of vehicles owned by its insureds.

Vernon stood ready to pay its proportionate share of Lancaster's medical expenses, and initiated the declaratory judgment action to determine the respective rights of the parties.

The sole issue presented for our consideration challenges the correctness of the trial court's ruling that AUI did not provide coverage to Joe Lancaster or his father, Robert Lancaster, under the uninsured motorist provision of its policy issued to Davidson.

A resolution of the issue must be initiated with a study of the Indiana Uninsured Motorist Act and the legislative intent in enacting that statute. The relevant statute, IC 1971, 27-7-5-1 (Burns Code Ed.) in pertinent part reads as follows:

"Motor vehicle liability—Noninsured vehicle coverage—Rejection in writing.—No automobile liability or motor vehicle liability policy or insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, chapter 159, sec. 14[9-2-1-15], as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover

damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

"Provided, That the name insured shall have the right to reject such coverage (in writing) and Provided further, That unless the named insured thereafter requests such coverage, in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage, in connection with a policy previously issued to him by the same insurer."

\* \* \*

The above cited statute must be incorporated into the policy of insurance issued by AUI to Davidson. It is Vernon's contention that any attempt to preclude coverage in an uninsured motorist case is against the intent of the Act and therefore not to be allowed. Specifically, Vernon objects to the following clause in AUI's policy of insurance:

"Persons Insured: The following only are insured under the Uninsured Motorists Coverage: The named insured and the lawful spouse of such named insured if, and only if, such spouse is living with the named insured at the time of the accident."

It is Vernon's contention that this clause conflicts with AUI's definition of insured for liability purposes within the same policy. In the liability section of AUI's policy "insured" is defined as:

"(3)  Definition of Insured (Coverages A and B) : With respect to the insurance provided by this contract, the unqualified word "insured" means only the insured specified as the named insured on the application page of this policy and any other person using the insured motorcycle described in this policy to whom the named insured has given permission, provided the use is within the scope of such permission and provided such person is a licensed driver over 16 years of age."

and the pertinent uninsured motorist provision is as follows:

"Coverage C—Protection Against Uninsured Motorists: To pay all sums which the insured or his legal representative shall be legally entitled to receive as damages from the owner or operator of an uninsured automobile because of

bodily injury, including death resulting therefrom sustained by the insured, caused by accident and arising out of the use of such uninsured automobile provided for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the Underwriters, or if they fail to agree, by arbitration."

While conflict does exist between the two definitions of insured, a conflict within a policy does not necessitate a holding of ambiguity and a reversal, much as the mere existence of a controversy as to the meaning of a policy does not establish an ambiguity. *Taylor* v. *American Underwriters, Inc.* (1976), 170 Ind. App. 148, 352 N.E.2d 86. It is clear that the two definitions are in conflict; but they are clear and unambiguous in their meaning and therefore the rule requiring ambiguous insurance policies to be construed against the insurer is not applicable to the situation of the case at bar. See generally *United Farm Bureau Ins. Co.* v. *Pierce* (1972), 152 Ind. App. 387, 283 N.E. 2d 788.

This case must therefore be determined on the concept that the uninsured motorist statute sets the minimum standard of protection which the legislature deemed acceptable. It is well settled in Indiana, as in the other jurisdictions which have uninsured motorist statutes, that the statutory standards are a minimum and any clause, exception, or exclusion which attempts to subvert or narrow the intent of the legislature will be treated as ineffective. *Cannon* v. *American Underwriters, Inc.* (1971), 150 Ind. App. 21, 275 N.E.2d 567 (transfer denied).

A careful reading of the uninsured statute (as printed above) shows that the legislature predicated the issuance of liability insurance on the inclusion of an uninsured endorsement in the policy. While the statute does not specifically define "insured" for the purposes of

determining who is allowed to recover under the uninsured provision, it is our interpretation that the legislature intended persons insured under the liability policy to be those who would recover under the uninsured motorist coverage.

While not controlling in this case, IC 1971, 27-1-13-7 (Burns Code Ed.) contains a definition of those parties to be protected by the liability provisions of an insurance policy:

\* \* \*

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, by any domestic or foreign corporation, insurance underwriters, association or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, expressed or implied, of such owner."

\* \* \*

In light of the above definition of parties insured, the apparent legislative intent, the policy's liability definition of insured, the holdings in other jurisdictions on similar issues, and the prior analogous holdings in Indiana, we deem the attempted redefinition of "insured" for purposes of uninsured motorist coverage to be an attempt to create an exception to or narrow the effect of the statutorily required uninsured motorist coverage. Any provision in derogation of the uninsured motorist statute will not be approved by this court. *Ely* v. *State Farm Mutual* (1971), 148 Ind. App. 586, 268 N.E.2d 316; *Patton* v. *Safeco Ins. Co.* (1971), 148 Ind. App. 548, 267 N.E.2d 859; *Taylor, supra; Cannon, supra.*

We therefore hold that the declaratory judgment should have been in favor of appellant Vernon and against appellee American Underwriters, Inc.; and AUI shall be required to contribute a pro rata share of the stipulated damages sustained by Joe Lancaster.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 356 N.E.2d 693.