INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, Appellant (Plaintiff Below),

v.

Arthur F. VINCEL, And Joseph Vincel, Appellees (Defendants Below).

No. 2–682A190.

Court of Appeals of Indiana, Second District.

Aug. 15, 1983.

Rehearing Denied Oct. 12, 1983.

John A. Perrin, Auberry, Stanek & Perrin, Indianapolis, for appellant.

John F. Townsend, Jr., Townsend, Hovde, Townsend & Montross, Indianapolis, for appellees.

BUCHANAN, Chief Judge.

### CASE SUMMARY

Plaintiff-Appellant Indiana Lumbermens Mutual Insurance Company (Lumbermens) appeals from a Declaratory Judgment in favor of Defendants-Appellees Arthur and Joseph Vincel (Vincels), claiming the trial court erred in extending the uninsured motorist provisions of Lumbermens's automobile insurance policy to include Joseph, a resident relative of the named insured Arthur, who owned his own uninsured private automobile and was a pedestrian when injured.

We reverse.

### FACTS

The undisputed facts reveal that Joseph Vincel (Joseph), the son of Arthur F. Vincel (Arthur), sustained injuries when, as a pedestrian, he was struck and injured by a car driven by an uninsured motorist. At the time of the accident, April 26, 1980, Joseph was living with his father, Arthur. On that date, Joseph owned his own car, but it was uninsured. However, Arthur had an automobile insurance policy, issued by Lumbermens, covering two cars owned by him. As Joseph lacked insurance, he filed a claim under Arthur's policy with Lumbermens for uninsured motorist benefits for his injuries and damages incurred in the accident.

The policy provided, in Part I, for protection against, among other things, liability and uninsured motorists. It also defined "Persons Insured" in Part I:

"Persons Insured. Under the Liability and Medical Expense Coverages, the following are insureds:

(a) with respect to an owned automobile,

(1) the named insured,

(2) any other person using such automobile with the permission of the named insured ...

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) (1) or (2) above;

(b) with respect to a non-owned automobile,

(1) the named insured,

(2) *a relative,* but only with respect to a private passenger automobile or utility trailer,

provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and

(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b)(1) or (2) above.

.     .     .     .     .

*Under the Uninsured Motorists Coverage, the following are insureds:*

(a) *the named insured and any relative,*

(b) any other person while occupying an insured automobile,

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (a) or (b) above."

*Record* at 16 (emphasis supplied). The policy then defined "relative" as follows:

"Definitions. *When used with respect to Part I:*

.     .     .     .     .

'*relative*' means a person related to the named insured by blood, marriage or adoption who is a resident of the same household, *provided neither such relative nor his spouse owns a private passenger automobile.*"

*Record* at 17 (emphasis supplied) [hereinafter cited as the relative definition clause].

The policy also contained an endorsement executed by Arthur which provided in pertinent part as follows:

"EXCLUSION OF NAMED DRIVER

It is agreed that the insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by Joseph Vincel [hand printed]

Acknowledged by x A. F. Vincel [signed]
                                    (Named Insured)

Effective 10–13–70 [hand printed]."

*Record* at 15.

Lumbermens initiated a declaratory judgment action against the Vincels to determine coverage under the policy. Upon Lumbermens's motion for summary judgment, the trial court held a hearing and subsequently entered a judgment in favor of Joseph, and against Lumbermens, which judgment provided in part as follows:

"CONCLUSION[S] OF LAW

1. *The defendant Joseph Vincel is an 'insured' within the meaning of the provisions of the policy issued by the plaintiff to defendant Arthur F. Vincel relating to uninsured motorists coverage.*

2. *The attempted exclusion of defendant Joseph Vincel based on his ownership of a private passenger automobile is void in that it contravenes the requirements and meaning of I.D. [sic] 27–7–6–2 and is an unreasonable restriction.*

3. That the 'exclusion endorsement' is not applicable, because Joseph Vincel was not operating an automobile when the accident in question occurred."

*Record* at 45 (emphasis supplied). From this adverse judgment, Lumbermens appeals.

ISSUE

The several interrelated issues presented by the parties may be consolidated into one dispositive issue:

Is an automobile insurance policy provision that excludes from liability and uninsured motorist coverage relatives residing with the insured who own automobiles, an unreasonable restriction of uninsured

motorist coverage under the Indiana Uninsured Motorist Statute *?[1]

PARTIES' CONTENTIONS—Lumbermens claims that the trial court erred in concluding (1) that Joseph was an insured within the meaning of the policy, (2) that the exclusion based on Joseph's ownership of an automobile contravenes Ind.Code 27–7–6–2 (1976), and (3) that the exclusion constituted an unreasonable restriction on uninsured motorist coverage. Lumbermens maintains that its policy fulfills all the statutory requirements and that Joseph is not a person insured under the policy because he is not a relative as that term is defined in the policy. Finally, Lumbermens emphatically contends IC 27–7–6–2 has nothing to do with this case.

The Vincels argue that IC 27–7–6–2 establishes the minimum category of persons who must be insured under automobile policies in Indiana. They argue that Lumbermens's restrictive definition of "relative"—which excludes from coverage resident relatives owning automobiles—contravenes IC 27–7–6–2, as the trial court found, and that Joseph was an insured for purposes of uninsured motorist coverage because he was an insured within the legally permissible definition of that term as established by IC 27–7–6–2, i.e. like father, like son.

## DECISION

CONCLUSION—Joseph was not an "insured" because he was not a relative as that term is defined in the policy and such an exclusion from uninsured motorist coverage was not an unreasonable restriction under the Statute.

---

* Ind.Code 27–7–5–1 (1976) (repealed) [hereinafter cited as the Statute]. The Statute was recodified without substantial change in Ind. Code 27–7–5–2 (1982).

1. Lumbermens also asserts the trial court erred in concluding that the specific endorsement excluding Joseph from *all* coverage when injured while operating a car was inapplicable to the case inasmuch as he was a pedestrian at the time of the accident. We need not address this issue because we conclude that, in any event, Joseph was not an insured as that term is defined in the policy and therefore he cannot recover uninsured motorist benefits. We ob-

This case is reminiscent of *United Farm Bureau Mutual Ins. Co. v. Hanley,* (1977) 172 Ind.App. 329, 360 N.E.2d 247, in which we held a household exclusion clause was not an invalid restriction on uninsured motorist coverage. An insurer may use exclusions to protect itself from suspect interfamily collusive claims of liability.

In this case, the definition of an insured excluded from both liability and uninsured motorist coverages a resident relative who owns an automobile. For some of the same reasons recounted in *Hanley,* the limited definition of a relative as an insured does not appear to be an undue restriction on the Statute, which in relevant part provided:

"No automobile liability or motor vehicle liability policy or insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principly garaged in this state, unless coverage is provided therein or supplemental thereto, ... *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Provided, That the named insured shall have the right to reject such coverage (in writing) ...."

IC 27–7–5–1 (emphasis supplied).

In interpreting the Statute in *Hanley,* however, we were not confronted with the

serve, though, that the exclusion might not survive a narrow construction in favor of coverage inasmuch as Joseph was a pedestrian at the time of the accident, and the exclusion purports to exclude him from benefits *only* when he is operating a car. Moreover, as the uninsured motorist statute requires rejection of uninsured motorist coverage *in writing,* we question whether this endorsement exclusion constitutes the requisite express rejection of uninsured motorist coverage mandated by the statute. *See generally* A. WIDISS, A GUIDE TO UNINSURED MOTORIST COVERAGE § 2.13 (Supp. 1981).

bearing of another statute which the Vincels and the trial court view as being violated by the relative definition clause. They point to IC 27–7–6–2 as establishing a minimum class of persons who must be insured. Neither the court nor the Vincels supply us with any authority in support of that conclusion.

> IC 27–7–6–2 provides in pertinent part: "Automobile insurance policy means a policy delivered or issued for delivery in this state or covering a motor vehicle required to be registered in this state providing coverage for bodily injury and property damage liability, medical payments, and *uninsured motorists* or any combination thereof and *insuring as the named insured a natural person or more than one natural persons related to each other resident of the same household* . . . ."

(Emphasis supplied). Vincels assert the emphasized portions of this section constitute the statutory definition of "insured" which includes relatives of the same household as the named insured *without qualification.* Thus, Lumbermens's definition of "relative," which excludes resident relatives who own cars, is void.

■ A careful reading of the chapter of which IC 27–7–6–2 is a part, and the few cases construing the chapter, dictates otherwise. Entitled "Cancellation of Automobile Insurance Policies,"[2] Title 27, Article 7, Chapter 6 concerns the duties of insurance companies regarding the cancellation and renewal of automobile insurance policies. Its primary purpose is to protect policy holders against termination of coverage except in a manner authorized by the Chapter. *American Family Ins. Group v. Ford,* (1973) 155 Ind.App. 573, 293 N.E.2d 524, *trans. denied. Accord American Family Mutual Ins. Co. v. Ramsey,* (1981) Ind.App., 425 N.E.2d 243, *trans. denied.* The language on which the court and the Vincels rely does not purport to define the class of persons

who must be insured in automobile policies generally, or who must be afforded uninsured motorist coverage in particular. Rather, IC 27–7–6–2 merely provides, *for cancellation purposes,* automobile insurance policies are those policies that provide insurance coverage for "a natural person or more than one natural persons related to each other resident of the same household." If an insurance policy covers a natural person or several relatives living together, then the cancellation of that policy by the company is subject to various limitations. Moreover, this court has repeatedly stated that the term "insured" for purposes of uninsured motorist coverage is not specifically defined in our statutes. *See, e.g., Indiana Farmers Mutual Ins. Co. v. Speer,* (1980) Ind.App., 407 N.E.2d 255, *trans. denied; Vernon Fire & Casualty Ins. Co. v. American Underwriters, Inc.,* (1976) 171 Ind.App. 309, 356 N.E.2d 693. As our attention has not been drawn to any contrary authority, we conclude IC 27–7–6–2 is irrelevant.

Moving on. The main thrust of Lumbermens's argument is that Joseph was not a person insured for purposes of uninsured motorist coverage because he was not a "relative" as that term is defined in the policy, and that this definition of "relative" is not contrary to the Statute.

■ Initially, there can be no question that an internal construction of the policy would preclude coverage for the injuries Joseph sustained. As Joseph was neither the named insured nor was he occupying the insured automobile when the accident occurred, Joseph would have to qualify as a "relative" of the named insured Arthur to obtain uninsured motorist benefits. With respect to *both* the liability and uninsured motorist coverages, "relative" is defined as "a person [1] related to the named insured by blood, marriage or adoption who is [2] a resident of the same household, *provided [3] neither such relative nor his spouse owns a private passenger automobile." Record at

---

**2.** This court may look to titles and headings of statutes in construing the intent of the legislature. *Pry v. Pry,* (1947) 225 Ind. 458, 75 N.E.2d 909; *Indiana State Highway Commission v.*

*Bates & Rogers Construction, Inc.,* (1983) Ind. App., 448 N.E.2d 321; *Bender v. State ex rel. Wareham,* (1979), 180 Ind.App. 236, 388 N.E.2d 578, *trans. denied.*

17 (emphasis supplied). Although Joseph is Arthur's son and resided with him, Joseph owned his own car at the time of the accident.[3] The conclusion we must reach is that the trial court erred in finding Joseph was an insured under the uninsured motorist portion of the policy.

Parenthetically, we also emphasize that Joseph could not qualify as an insured under the liability portion of the policy either. As Joseph was neither the named insured nor a permissive user of the owned automobile (he was a pedestrian at the time of the accident), he was not an insured with respect to either an owned automobile or a non-owned automobile as those terms are defined in the policy.

This leads us to the ultimate question of whether the relative definition clause is contrary to the Statute or to public policy.

*Cincinnati Ins. Co. v. Mallon,* (1980) Ind. App., 409 N.E.2d 1100. The Statute, which requires that insurance carriers must provide uninsured motorist coverage "for the protection of persons insured thereunder" unless the named insured rejects such coverage in writing, has been interpreted to mean that, in order to be covered under the uninsured motorist section of an insurance policy, one must be insured under the liability provisions of the policy.[4] *Speer, supra; Vernon Fire, supra.* It also has been established that attempts by insurance companies to dilute or diminish statutory uninsured motorist protection is contrary to public policy and therefore void.[5] Although we recognize that the uninsured motorist provisions of both the Statute and of the policy must be liberally construed in favor of the insured, *e.g., Capps v. Klebs,* (1978),

---

3. In their appellees' brief, Vincels point out that Joseph's car was inoperable at the time of the accident. Some courts have focused on such a fact in finding coverage on the basis that an inoperable car is not an "automobile" for purposes of the relative definition clause. *See, e.g., Quick v. Michigan Millers Mutual Ins. Co.,* (1969) 112 Ill.App.2d 819, 250 N.E.2d 819; *Travelers Indemnity Co. v. Duffin,* (1970) 28 Mich.App. 142, 184 N.W.2d 229. *But cf. Miller v. Shelby Mutual Insurance Co.,* (1969) 20 Ohio App.2d 323, 253 N.E.2d 801 (where son purchased automobile and obtained certificate of title, but car was in need of extensive repairs to the engine; held: automobile was intended for use after repair and therefore came within definition of automobile thereby precluding coverage under a relative definition clause); *Farmers Ins. Co. v. Miller,* (1976) 87 Wash.2d 70, 549 P.2d 9 (where automobile needed only relatively minor repairs and a battery; held: car was safe and operable and therefore came within definition of automobile thereby precluding coverage under a relative definition clause identical to the clause involved in the case at bar). Even if it were true that the car was inoperable at the time of the accident, the record reveals that such fact was not before the trial court at the time it entered summary judgment and, therefore, we cannot consider it. Ind.Rules of Procedure, Trial Rule 56(C).

4. We also observe that automobile liability insurers need only provide liability coverage for the owner of the insured automobile and for persons using the vehicle with the permission of the owner. Ind.Code 27–1–13–7 (1976). The 1981 amendments did not alter this basic requirement. *See* Ind.Code 27–1–13–7 (1982).

5. *See, e.g., Vantine v. Aetna Casualty & Surety Co.,* (N.D.Ind.1971) 335 F.Supp. 1296 (exclusion within uninsured motorist provision denying coverage of an insured while occupying an owned but uninsured vehicle held invalid as an impingement on the Statute); *Simpson v. State Farm Mutual Auto. Ins. Co.,* (S.D.Ind.1970) 318 F.Supp. 1152 (insurer may not limit uninsured motorist coverage through use of other insurance clause or through setoff of payments made under medical coverage); *Vernon Fire, supra* (attempted redefinition of insured within uninsured motorist section of policy creating an exception to or narrowing effect of Statute held invalid); *Leist v. Auto Owners Ins. Co.,* (1974) 160 Ind.App. 322, 311 N.E.2d 828, *trans. denied* (provision within uninsured motorist coverage reducing recovery by amount of workmen's compensation received, declared invalid as dilution of statutory coverage); *State Farm Mutual Automobile Assurance Co. v. Robertson,* (1973) 156 Ind.App. 149, 295 N.E.2d 626 (exclusion within uninsured motorist provision denying coverage of an insured while occupying an owned vehicle, if such vehicle was not insured under the policy, held invalid as an impingement upon statutorily mandated uninsured motorist coverage); *Cannon v. American Underwriters, Inc.,* (1971) 150 Ind.App. 21, 275 N.E.2d 567, *trans. denied* (exclusion, providing uninsured motorist coverage does not apply unless insured was operating or occupying an insured automobile at the time of the accident, nullified as a restriction upon statutory coverage); *Patton v. Safeco Ins. Co.,* (1971) 148 Ind.App. 548, 267 N.E.2d 859 ("excess-escape" clause in uninsured motorist provision found in derogation of uninsured motorist statute).

178 Ind.App. 293, 382 N.E.2d 947, we must uphold the contract terms so long as they fulfill the minimum statutory mandate.

■ The Statute does not require that automobile insurance policies provide uninsured motorist protection to any particular class or group of insureds—be they residents of the household or family members, or whatever. As confirmed by *Speer, supra,* and *Vernon Fire, supra,* the legislature did not specifically define "insured" for uninsured motorist coverage to include resident relatives; rather, "insured" refers only to persons specified as insureds in the liability portion of the policy. So, there can be no violation of the Statute unless the policy condition specifically limits uninsured motorist protection as to persons who would otherwise qualify as insureds for liability purposes.

■ We have already determined that Joseph was not an insured under either the liability or uninsured sections of the policy. And we reiterate that the relative definition clause applies equally to both the liability and uninsured coverages. So, we must conclude that the relative definition clause does not constitute an unreasonable restriction on uninsured motorist coverage.

Three reasons bolster our conclusion.

*First,* it is in keeping with prior Indiana cases concerning the Statute. This case differs from those cases that have held invalid attempts by insurance carriers to deny uninsured motorist coverage to claimants who were insured under the liability sections of the policies through the use of various restrictive endorsements within the uninsured motorist sections of the policies. *See* note five, *supra.* The dispute here occurs one step earlier in time; i.e., did Joseph qualify as an "insured"? As he did not, those cases are of little help to the Vincels. *See Speer, supra.*

On the other hand, Indiana courts have upheld exclusions in policies that limited general liability. For example, in *Hanley,*

*supra,* this court upheld a limitation on general liability coverage that excluded coverage for bodily injury to relatives of the named insured who were residents of the same household as the insured (a "household exclusion"). And, in an analogous context, the court in *Mallon, supra,* held that the trial court improperly failed to consider specific and unambiguous exclusions in the property and liability sections of a multi-peril insurance policy issued to a business. Both *Hanley* and *Mallon* emphasize the freedom of the parties to exclude liability risks from insurance policies so long as the exclusions in question are clear and unambiguous. In this regard, as the Statute does not require uninsured motorist coverage to be afforded to resident relatives, the extension of uninsured motorist coverage to resident relatives *not* owning cars is additional coverage, akin to "hit & run" coverage,[6] the conditions of which are purely a matter of contract between the parties . . . conditions we will not disturb unless clearly against the Statute.

*Second,* not only is our conclusion consistent with Indiana law, it also follows what appears to be the majority rule: If the policy contains a relative definition clause that applies equally to both the liability and uninsured motorist portions of the policy, which definition excludes from *all* coverage resident relatives who own their own cars, such a restricted definition of "relative" does not violate an uninsured motorist statute that merely mandates uninsured motorist protection for "persons insured thereunder," i.e., the liability portion of the policy. Although the relative definition clause involved in this case has as yet escaped appellate review in Indiana, the Kentucky Supreme Court, in *Lewis v. American Family Ins. Group,* (1977) Ky., 555 S.W.2d 579, applied Indiana law to a factual situation nearly identical to this case. In *Lewis,* an uncle (Marshall) and his two nephews (James and Thomas) lived together and each owned a car. While riding in James's

---

**6.** *See, e.g., Midwest Mutual Ins. Co. v. Indiana Ins. Co.,* (1980) Ind.App., 412 N.E.2d 84; *Taylor v. American Underwriters, Inc.* (1976) 170 Ind.

App. 148, 352 N.E.2d 86; *Ely v. State Farm Mutual Ins. Co.,* (1971) 148 Ind.App. 586, 268 N.E.2d 316, *trans. denied.*

car, the nephews sustained injuries in an accident with an uninsured motorist. Both nephews attempted to collect under Marshall's policy, and Thomas made claim under James's policy. Both policies contained provisions and definitions identical to those in the Lumbermens policy. The court concluded:

> "It now becomes vital to determine whether James and Thomas were 'insureds' within the meaning of these insurance policies. The policies define an insured to be, in effect, any relative living in the named insured's home who does not own a private passenger automobile. The effect of this definition is to deny uninsured motorist coverage to members of the named insured's household who own automobiles but do not insure them. It appears that the Lewis brothers are not insureds within this definition. Under Indiana law there is no requirement that relatives living in the same household must be covered by each other's automobile liability insurance policies. In Indiana, automobile liability insurers must provide coverage for the owner of the automobile being insured and for persons using the automobile with his permission. Ind.Stat. IC 27–1–13–7. The insurer must further provide uninsured motorist protection within the liability policy *for all persons insured thereunder.* Ind.Stat. IC 27–7–5–1. This statute says that anyone who is an insured must be afforded uninsured motorist protection, but it does not expand the class of persons that must be considered to be "insureds." The conclusion is inescapable that Indiana law did not require American to include the Lewis brothers as insureds in its automobile liability policy with Marshall or Thomas in its policy with James. Their rights under these

insurance policies are, therefore, governed solely by the contracts.

*Id.* at 583–84. This reasoning has likewise been followed in other states having uninsured motorist statutes nearly identical to ours. *See, e.g., Mathis v. Auto-Owners Ins. Co.* (1980) Ala., 387 So.2d 166; *France v. Liberty Mutual Ins. Co.,* (1980) Fla.App. 380 So.2d 1155; *Robertson v. Cumis Ins. Co.,* (1978) La.App., 355 So.2d 1371; *Washington v. Travelers Ins. Co.,* (1979) 92 Mich.App. 151, 284 N.W.2d 754; *Famuliner v. Farmers Ins. Co.,* (1981) Mo.App., 619 S.W.2d 894; *Farmers Ins. Co. v. Miller,* (1976) 87 Wash.2d 70, 549 P.2d 9.

Although the Vincels would have us believe otherwise, the scant authority inconsistent with the majority rule may be explained due to distinguishing features of the applicable statutes. In *Lopez v. State Farm Fire & Casualty Co.,* (1967) 250 Cal. App.2d 210, 58 Cal.Rptr. 243, the court invalidated a relative definition clause identical to Lumbermens's because California law, as it then existed, specifically provided that, for uninsured motorist purposes, "the term 'insured' means the named insured and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise." [7] Similarly, the Minnesota Supreme Court struck a relative definition clause because, under Minnesota law then applicable, relatives as a class could not be excluded from liability coverage, and therefore could not be excluded from uninsured motorist coverage. *Anderson v. Illinois Farmers Ins. Co.,* (1978) Minn., 269 N.W.2d 702. *Accord Rosenberger v. American Family Mutual Ins. Co.,* (1981) Minn., 309 N.W.2d 305. As we are unaware of any Indiana statute that specifically defines "insured," or specifically prohibits the exclusion of relatives by class, we remain unpersuaded by these cases.

---

**7.** In response to *Lopez,* the California legislature amended its statute to provide that uninsured motorist coverage was not to apply "to bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motorist vehicle." Cal.Ins.Code § 11580.2(c)(6) (1968). Thus, in *Inter Insurance Exchange of Automo-*

*bile Club v. Velji,* (1975) 44 Cal.App.3d 310, 118 Cal.Rptr. 596, the court upheld an exclusion in a policy with nearly identical language as the amended statute, indicating that the legislative purpose of the amendment was to prevent a "free ride" on another's policy for resident relatives who own cars, but do not insure them.

*Third,* the legislature intended the Statute to provide that, although liability coverage was not required, with regard to uninsured motorist coverage, every *insured* —within the definition of that term in the policy—was entitled to recover uninsured motorist benefits for the damages he/she would have recovered from the offending motorist if that person had maintained a policy of liability insurance. *See, e.g., Speer, supra; Hanley, supra; Vernon Fire, supra.* By so drafting the Statute, the legislature assured that "those persons who are uninsured for liability [w]ould not be protected by the public policy of this state from their own kind." Frandsen, *Survey of Recent Developments—Insurance,* 15 IND.LAW REV. 247, 259 (1982). If in passing the Statute the legislature intended that all resident relatives of the named insured be provided uninsured motorist coverage irrespective of whether such relatives own their own cars, it could have expressly so provided:

> "It is equally within the province of the legislature to be more specific in its uninsured motorist coverage requirements. The General Assembly has not chosen to do so.
>
> For us to extend coverage in this situation would be to rewrite the clear and unambiguous language of the insurance contract. This we are not empowered to do."

*Hanley, supra,* 172 Ind.App. at 341, 360 N.E.2d at 254 (citations omitted) (quoting *Ely, supra,* 148 Ind.App. at 591–92, 268 N.E.2d at 320). Absent clear direction from our state legislature, "[w]e decline to extend the public policy . . . to allow a member of a family to purchase one liability policy and claim total coverage thereunder for the entire family while vastly increasing the risk to his or her insurer by knowingly owning and operating a fleet of uninsured vehicles upon the highways." *France, supra,* 380 So.2d at 1156. As Joseph made the conscious choice to own his own automobile, he, not Lumbermens, must bear the burden for his failure to insure that vehicle.

As there is no issue of material fact in dispute, we hold that Lumbermens was en-titled to summary judgment as a matter of law. Accordingly, we reverse and remand with instructions to enter summary judgment in Lumbermens's favor.

Reversed and remanded.

SHIELDS and SULLIVAN, JJ., concur.