GELCO VEHICLE LEASING, INC., a/k/a Leasing International, Inc., Appellant,

v.

Marie BOSTON, Personal Representative of the Estate of David C. Boston; Marshall Brass Company; Koehler Insurance Corporation; Palace Vanity & Cabinet, Inc.; Suburban Manufacturing Co.; Auto–Owners Insurance Co.; and Manchester Tank and Equipment Company, Inc., Appellees.

No. 57A03–8808–CV–242.

Court of Appeals of Indiana, Third District.

June 19, 1989.

---

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for appellant.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, for appellees Marie Boston and Auto–Owners Ins. Co.

HOFFMAN, Judge.

Appellant Gelco Vehicle Leasing, Inc. appeals the decision of the trial court granting summary judgment in favor of Auto–Owners Insurance Company and Koehler Insurance Corporation.

The facts relevant to this appeal disclose that the plaintiff's decedent, Boston, was a Snap–On Tools dealer. Boston had leased from appellant Gelco a 1983 Chevrolet stepvan.

Boston had agreed in his vehicle lease with Gelco to obtain automobile insurance naming Gelco as an additional insured. Although the binder issued by Koehler listed Gelco as an additional insured, the actual policy issued by Auto–Owners did not list Gelco as an additional insured.

Gelco brought a cross-claim against Koehler alleging negligence and breach of contract and a cross-claim against Auto–Owners seeking indemnity under the terms and conditions of the policy.

Koehler and Auto–Owners filed summary judgment motions. Both asserted that even if Gelco had been made an insured, the very terms of the policy under which it would have been insured would exclude Gelco. The court granted summary judgment in favor of Koehler and Auto–Owners.

The second issue raised by appellant is dispositive of this appeal: whether Gelco, even if a named insured, could have recovered under the policy which Gelco contends is against public policy in Indiana.

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor–Nickel Hosp., Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306.

When reviewing the grant of a motion for summary judgment, this Court will stand in the shoes of the trial court and consider the same matters as does the trial court. *Moll v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 163. Summary judgment will be affirmed if sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 56.

Appellant contends that Boston's insurance policy which excluded the insured with respect to any bodily injury to any person who is an insured contravenes public policy. The relevant portion of Boston's insurance policy provides in Section III (DEFINITIONS), paragraph A ("Insured"):

"... The provisions of this paragraph shall not apply: ... (b) to any 'insured' with respect to bodily injury to any person who is an 'insured.' "

The court in *Allstate Ins. Co. v. Boles* (1985), Ind., 481 N.E.2d 1096 upheld a household exclusion clause of an automobile liability policy. The court discussed the Indiana Motor Vehicle Safety Responsibility and Driver Improvement Act, IND. CODE § 9-2-1-1, *et seq.*, in deciding that a household exclusion clause was not contrary to public policy.

> "Where insurance is the means chosen by the automobile owner to comply with this statute, the statute requires liability coverage sufficient to indemnify any person injured in an auto accident and specifies the minimum amounts of insurance coverage. Clearly, the purpose of the Act is not to require an automobile owner to be insured for personal injury sustained by himself, rather it is to require insurance for liability for injuries sustained by others." 481 N.E.2d at 1101.

The court further stated that the Act only required liability insurance for injuries sustained by persons other than the insured. Although the Act has been modified to require insurance for all registered vehicles, the court's interpretation remains persuasive.

> "Whenever a court considers invalidating a contract on public policy grounds, it must always weigh in the balance the parties' freedom to contract. Although special rules of construction of insurance contracts have been developed due to the disparity in bargaining power between insurers and the insured's, if a contract is clear and unambiguous, the language therein must be given its plain meaning. *Vernon Fire and Casualty Co. v. American Underwriters, Inc.*, (1976), 171 Ind. App. 309, 356 N.E.2d 693." 481 N.E.2d at 1101.

The policy language in this case which excludes coverage to any insured with respect to bodily injury is clear and unambiguous and must be given its plain meaning.

It does not contravene public policy for an insured to contract not to insure himself. Boston adequately maintained insurance to cover all liabilities for injuries sustained by others which was the intended result of the Indiana Motor Vehicle Safety Responsibility and Driver Improvement Act.

Thus, even if Gelco had been named an insured under the policy, the injury sustained by another insured, Boston, is excluded by the insurance policy. This exclusion does not violate public policy. The trial court's grant of summary judgment in favor of Auto-Owners Insurance Company and Koehler Insurance Corporation is affirmed.

Affirmed.

GARRARD, P.J., and SULLIVAN, J., concur.