**TRANSAMERICA INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Michael HENRY, b/n/f Clifford Henry & Elizabeth Henry, Clifford Henry, Elizabeth Henry, Michael Henry, Amy S. Anderson, Karen Anderson, State Farm Insurance Company, Wessin & Gorman Trucking, and Bryan M. Gorski, Defendants–Appellants.**

Nos. 89–2204, 89–2234, 89–2259 and 89–2351.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 20, 1990.

Decided June 5, 1990.

William J. Reinke, Mark D. Boveri, Barnes & Thornburg, South Bend, Ind., for plaintiff-appellee.

Joseph M. Forte, Arthur A. May, May, Oberfell & Lorber, Joseph V. Simeri, Kramer, Butler, Simeri, Konopa & Laderer, James F. Groves, Hardig, Lee & Groves, South Bend, Ind., for defendants-appellants.

Before COFFEY and RIPPLE, Circuit Judges, and REYNOLDS, Senior District Judge.[*]

COFFEY, Circuit Judge.

The defendants-appellants appeal the district court's grant of summary judgment in favor of Transamerica Insurance Company ("Transamerica"), the plaintiff-appellee. Transamerica filed this action seeking a declaratory judgment answering the question of whether a "household exclusion clause" in its automobile liability insurance policy issued to Clifford and Elizabeth Henry excluded coverage for injuries sustained by their son, Michael, while a passenger in the vehicle insured under the policy. The defendants argue that the household exclusion clause is invalid because it is contrary to the stated public policy of the state of Indiana. Transamerica argues that the Indiana courts have clearly and definitively rejected the defendants' argument. Because we are of the opinion that Indiana law in this area is unclear, we certify the question to the Indiana Supreme Court.

I.

The facts of this case are not in dispute. Transamerica issued a policy of automobile liability insurance to Clifford and Elizabeth Henry, effective March 17, 1987, through September 17, 1987. On August 5, 1987, defendant Amy Anderson, while operating the automobile insured under the Transamerica policy,[1] was involved in a collision with a truck driven by defendant Bryan Gorski and owned by defendant Wessin & Gorman Trucking ("Wessin & Gorman"). Michael Henry, who resided with his parents in their home, was a passenger in the car and suffered serious personal injuries therein.

On October 14, 1987, the Henrys, seeking recovery for Michael's injuries, filed suit against Anderson, Gorski and Wessin & Gorman in the Circuit Court of St. Joseph County, Indiana. Anderson requested that Transamerica defend her in the Henrys'

---

[*] The Honorable John W. Reynolds, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

1. Anderson was operating the vehicle with the permission of Elizabeth Henry.

action and pay any settlement or judgment arising therefrom.[2] Transamerica refused and, on December 1, 1987, filed this action in the district court seeking a determination of whether or not it was obligated to defend or indemnify Anderson on the Henrys' claim, relying on an exclusionary clause contained in the Henrys' policy. The exclusion, commonly known as a "household exclusion clause," provides in pertinent part:

"EXCLUSIONS: We do not provide liability coverage:

13. for bodily injury to any person who is related by blood, marriage or adoption to you, if that person resides in your household at the time of the loss."

The defendants argued that the household exclusion clause violates the public policy of the state of Indiana, as evidenced by Ind.Code § 9–1–4–3.5, which provides in part:

"(a) A motor vehicle may be registered in Indiana only if proof of financial responsibility in the amounts specified in IC 9–2–1–15 is produced for inspection at the time application for registration is made in a form required by the department.

(b) Financial responsibility, in one (1) of the forms prescribed by IC 9–2–1–16 or by self-insurance under 9–2–1–37, must be continuously maintained in at least the amounts specified in IC 9–2–1–15 as long as the motor vehicle is operated on roads, streets, or highways in Indiana. A person who operates a motor vehicle on a road, street, or highway in violation of this subsection commits a class C misdemeanor."

Specifically, the defendants argued that section 3.5 is a "compulsory insurance" statute because it requires proof of financial responsibility before a motor vehicle can be registered, thus manifesting a social policy in Indiana to guarantee compensation for all victims of traffic accidents, and that Transamerica's policy exclusion was

invalid because it prevents compensation for victims who are also members of the insured's household.

On consideration of the parties' cross-motions for summary judgment, the district court agreed with Transamerica, finding that the exclusion clause was valid and did not contravene the policy underlying the requirement in section 3.5 that all automobile owners, prior to registering their vehicles, demonstrate proof of financial responsibility. The court relied primarily on *Allstate Ins. Co. v. Boles*, 481 N.E.2d 1096 (Ind.1985), in which the Indiana Supreme Court, on certification from this court, held that a household exclusion clause in an automobile liability policy excluding coverage for injury to persons related to the insured by blood, marriage, or adoption was valid and enforceable to preclude liability coverage for injuries sustained by an insured's spouse. In holding that the household exclusion clause did not contravene the public policy of Indiana, the *Boles* court determined that the Safety Responsibility and Driver Improvement Act, *see* Ind. Code § 9–2–1–1 *et seq.*, was not a compulsory insurance statute and that when insurance is the means chosen to satisfy the financial responsibility requirements of the Act, it requires liability insurance coverage only for injuries sustained by individuals other than those defined as "insureds" under the insurance policy. 481 N.E.2d at 1011.

On appeal, the defendants contend that the district court erred in relying on *Boles* because the Indiana Supreme Court did not and could not specifically consider Ind.Code § 9–1–4–3.5, as it was not in effect at the time of the accident serving as the basis for that action. They maintain, as they did in the district court, that section 3.5 is a compulsory insurance statute, thus changing Indiana's public policy regarding the compensation of those injured in motor vehicle mishaps. Accordingly, the defendants urge us to reverse the district court's

---

**2.** Anderson also requested her own insurer, State Farm Insurance Company, to defend her against and provide coverage for the Henrys' claims. State Farm paid its policy limits to

Michael Henry on behalf of Anderson and was thereafter dismissed from this case by stipulation of the parties.

grant of summary judgment in favor of Transamerica. In the alternative, the defendants request that the question of whether the household exclusion clause violates the public policy evinced by section 3.5 be certified to the Indiana Supreme Court. Transamerica argues that the district court's grant of summary judgment should be affirmed and that certification is unnecessary because section 3.5 is not a compulsory insurance statute and that Indiana's public policy has not changed since the *Boles* decision, the rationale of which has been uniformly followed in the Indiana courts.

## II.

■■■ As is clear from our recitation of the facts, the sole issue presented for review is whether the household exclusion clause in the Transamerica insurance policy issued to the Henrys contravenes the stated public policy of the state of Indiana. Thus, as a federal court sitting in diversity jurisdiction, "we are faced with the task of attempting to rule in this case as we believe the Indiana courts would probably resolve it." *Standard Mut. Ins. Co. v. Bailey*, 868 F.2d 893, 896 (7th Cir.1989). However, as we noted in *Collins Co. v. Carboline Co.*, 837 F.2d 299, 301 (7th Cir. 1988):

"Federal courts of course can sometimes make incorrect predictions as to undecided questions of state law. Compare *Enis v. Continental Illinois Nat'l Bank*, 795 F.2d 39, 42 (7th Cir.1986) (Under Illinois law, an employee manual does not create enforceable contract rights in at-will employment relationship) with *Duldulao v. St. Mary of Nazareth Hosp.*, 115 Ill.2d 482, 488, 106 Ill.Dec. 8, 505 N.E.2d 314 (1987) (Disagreeing with reasoning in *Enis* and holding contra)."

The risk of making erroneous predictions on questions of state law is more pronounced when there is either no controlling precedent from the state supreme court or the rulings of courts addressing the issue presented for federal review are unclear or conflicting. In such situations, this court has frequently and wisely chosen to avoid speculation, uncertainty and potential conflict by certifying the dispositive question of state law to the state supreme court pursuant to Circuit Rule 52.[3] *See Collins*, 837 F.2d at 302–03. *See also Shirkey v. Eli Lilly & Co.*, 852 F.2d 227, 238 (7th Cir.1988); *In re Sandy Ridge Oil Co.*, 807 F.2d 1332, 1338 (7th Cir.1986).

As noted above, the district court relied primarily on the Indiana Supreme Court's decision in *Boles* in finding that Transamerica's household exclusion clause was not violative of Indiana public policy. Although the *Boles* court considered the very question presented for our review in this case, as the defendants point out, the *Boles* decision did not consider section 3.5 or the effect of that section on Indiana's public policy concerning compensation for automobile accident victims. If, as the defendants contend, the *Boles* court did not consider section 3.5 because it was not in effect at the time of the automobile accident underlying that case, they have, in our opinion, made a credible argument that section 3.5 may be evidence of a change in Indiana's policy regarding compensation of automobile accident victims since *Boles* was decided.

Moreover, because the *Boles* court did not address section 3.5 in its decision, it did not determine whether or not that section is a "compulsory insurance" statute manifesting a public policy determination to guarantee compensation for victims of traffic mishaps. Our research reveals that there is a split in authority among Indiana

---

3. Circuit Rule 52 provides:
    "When the rules of the highest court of the state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, *sua sponte*, or on motion of a party, may certify such a question to the state court in accordance with the rules of that court, and may stay the case in this court to await state court's decision of the question certified. The certification will be made after the briefs are filed in this court. A motion for certification shall be included in the moving party's brief."
    As noted, *infra*, the Indiana Rules of Appellate Procedure provide for certification by federal courts of questions arising under Indiana law.

courts addressing this question. *Compare American Underwriters Group, Inc. v. Williamson*, 496 N.E.2d 807, 809 n. 2 (Ind. Ct.App.1986) ("Technically, [the interpretation of section 3.5 as a compulsory insurance statute] is incorrect since financial responsibility may be proved by insurance, self-insurance, by bonds, or by deposits of money or securities.") *with Gelco Vehicle Leasing, Inc. v. Boston*, 539 N.E.2d 979, 981 (Ind.Ct.App.1989) ("[T]he [Indiana Motor Vehicle Safety Responsibility and Driver Improvement] Act has been modified to require insurance for all registered vehicles....") and *Milwaukee Mut. Ins. Co. v. Butler*, 615 F.Supp. 491, 495 (S.D.Ind. 1985) ("Indiana is a compulsory automobile liability insurance state. Ind.Code § 9–1–4–3.5 (Supp.1984)."). The defendants have also cited decisions from other jurisdictions interpreting statutes which, like Indiana's section 3.5, require proof of financial responsibility prior to registration of a motor vehicle as compulsory insurance statutes and invalidating household exclusion clauses as violative of the social policy behind compulsory insurance.[4] *See Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585 (Co.1984); *State Farm Mut. Auto. Ins. Co. v. Sivey*, 404 Mich. 51, 272 N.W.2d 555 (1978). In light of the fact that the *Boles* court's holding that household exclusion clauses are valid under Indiana law was not based upon section 3.5, as well as the conflict among Indiana courts considering whether section 3.5 is a compulsory insurance statute and the effect that other jurisdictions' interpretations of such statutes have had on the validity of household exclusion clauses in those states, we are most reluctant to predict how the Indiana courts would rule on the question before us in this case.

Rule 15(O) of the Indiana Rules of Appellate Procedure provides for certification of a question of Indiana law to the Indiana Supreme Court when the question is determinative of the case and there is no clear controlling Indiana Supreme Court precedent. Since we are of the opinion that the standards for certification are present in

this case. We respectfully request the Supreme Court of Indiana to answer the following questions of law:

1. Do Ind.Code § 9–1–4–3.5 and other provisions in the Indiana Code concerning automobile financial responsibility render Indiana a "compulsory insurance" state and evince a social policy to guarantee compensation for all victims of automobile accidents?

2. Is a household exclusion clause in an automobile liability insurance policy contrary to the public policy of Indiana, as expressed in statute or case law, particularly Ind.Code § 9–1–4–3.5, when applied to preclude coverage for injuries sustained by a resident of the named insured's household?

The Clerk of this Court will transmit to the Supreme Court of Indiana a certified copy of this order, a copy of the briefs and appendices submitted to this court, and, if necessary, the record in this matter.

QUESTION CERTIFIED.

---

**4.** *See Butler, supra*, 615 F.Supp. at 495.