[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
The plaintiff, James Turcio, who resides in New Haven, Connecticut, was injured in a two-car collision. The collision was due to the negligence of the operator of the other vehicle involved in the collision. The vehicle being operated by the plaintiff when the collision occurred was a 1993 Mercury Sable, owned by the plaintiff's former wife, and furnished by her to the plaintiff for the plaintiff's exclusive use. The Mercury Sable automobile was not an insured vehicle on the insurance policy issued by the defendant.
The plaintiff ultimately settled his claim against the tortfeasor's liability insurance carrier for the applicable limits of the tortfeasor's policy. The plaintiff, thereafter, made a claim for underinsured coverage under an insurance policy issued to his parents by the Prudential Insurance Company. The Prudential denied the plaintiff's claim, and the plaintiff instituted this action against the Prudential.
The defendant has filed this motion for summary judgment claiming that an exclusion set out in the Prudential policy prevents the plaintiff from being defined as an insured under the policy and from recovering underinsured motorist benefits. In opposing the defendant's motion, the plaintiff asserts that since the exclusion is not valid under Connecticut regulations, he is an insured under the policy, and that the defendant is obliged to provide underinsured motorist coverage to fully compensate the plaintiff for his injuries.
The parties do not dispute that the liability coverage by the tortfeasor's policy was less than the uninsured/underinsured coverage of the Prudential policy at issue. The two issues in dispute are whether the plaintiff, as a member of his parents' household, was an "insured" under the Prudential policy, and whether or not the exclusion claimed by the defendant is valid under Connecticut law.
"A Motion for Summary Judgment is designed to eliminate the delay and CT Page 1509 expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." HertzCorp. v. Federal Ins., Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp.,supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225,682 A.2d 106 (1996).
The following facts are undisputed. The plaintiff, by way of his complaint, seeks underinsured motorist benefits from a motor vehicle policy issued by the defendant for injuries allegedly sustained in a motor vehicle accident occurring on August 13, 1998, due to the negligence of a underinsured driver. The Prudential policy at issue, was issued to the plaintiff's parents, the named insureds, and was in effect at the time of the plaintiff's accident. The policy insured a 1998 Saturn auto and a 1986 Oldsmobile and carried $200,000 per person in underinsured motorist coverage. At the time of the accident, the plaintiff was operating a Mercury Sable automobile, which was not an insured vehicle on the Prudential policy. At all times after February 4, 1998 and up to and including the date of the accident on August 13, 1998, the plaintiff had the exclusive use of the Mercury Sable auto and kept it at his residence. His use of this auto was complete and unrestricted, though said auto was registered to his former wife. The plaintiff retained possession of the keys to the auto, and the plaintiff did not have to obtain permission of anyone, prior to using the auto. The plaintiff was responsible for all taxes, maintenance and insurance payments on the Mercury, and additionally, made payments relative to a car loan for the auto. The plaintiff for all purposes considered himself to be the owner of the Mercury Sable automobile.
Under our law the statutes and regulations applicable to uninsured CT Page 1510 motorist coverage also apply to underinsured motorist coverage. Loweryv. Valley Forge Ins. Co., 224 Conn. 152, 162[fn 1], 617 A.2d 454 (1992);McGlinchey v. Aetna Casualty Surety Co., 224 Conn. 133, 134-35,617 A.2d 445 (1992); Hotkowski v. Aetna Life Casualty Co.,224 Conn. 145, 151, 617 A.2d 451 (1992); Covenant Ins. Co. v. Coon,220 Conn. 30, 31 n. 3, 594 A.2d 977 (1991). Because this case involves a claim for underinsured coverage, the court refers to that coverage.
In Middlesex Ins. Co. v. Quinn, 225 Conn. 257, 264-65, 622 A.2d 572, the court stated,
 Unlike the automobile liability statutes, the uninsured motorist statute does not require automobile insurance policies to provide underinsured motorist benefits to any particular class or group of insureds. See Indiana Lumbermens Mutual Ins. Co. v. Vincel, 452 N.E.2d 418, 424 (Ind.App. 1983). The legislature did not specifically define "insured" in the context of underinsured motorist coverage. Rather, the statute requires that underinsured motorist coverage must be provided "for the protection of persons insured thereunder." (Emphasis added.) General Statutes 38a-336 (a) (1). Thus, "persons insured" in this statute refer to persons specified as insureds in the liability portion of the policy. There would be no violation of public policy, therefore, unless the insurance policy specifically were to limit underinsured motorist coverage in such a way as "to [preclude] persons who would otherwise qualify as insureds for liability purposes." Indiana Lumbermens Mutual Ins. Co. v. Vincel, supra. The public policy behind uninsured motorist coverage, therefore, requires an insurer to provide uninsured motorist benefits to any insured under the automobile liability policy. "[O]nce an automobile liability policy is issued extending [liability] coverage to a certain class of insureds . . . uninsured motorist coverage must be offered to cover the same class of insureds"; State Farm Automobile Ins. Co. v. Reaves, 292 Ala. 218, 223, 292 So.2d 95 (1974); except as expressly excluded by statute or regulation. Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371, 377, 593 A.2d 498 (1991).
The legislature intended to provide that every insured within the definition of that term in the liability section of the policy is entitled to recover underinsured motorist benefits for the damages "he or she would have been able to recover if the uninsured [tortfeasing] motorist had maintained a policy of liability insurance." Streitweiserv. Middlesex Mutual Assurance Co., 377.
Part 1, the liability section of the subject Prudential policy, states: "You and a resident relative are insured while using a non-owned CT Page 1511 car. The owner must give permission to use it. It must be used in a way intended by the owner." Part 4 of the policy, which is the Uninsured Motorist section, defines "WHO IS INSURED IN A NON-OWNED CAR" as "You and a resident relative are insured while using or occupying a non-owned car not furnished for regular use." However, Part 5 of the Underinsured Motorist section of the same policy reiterates the liability definition of an insured under the policy by stating: "You and a resident relative are insured while using or occupying a non-owned car. The owner must give permission to use it. It must be used in the way intended by the owner." This section is labeled, "WHO IS INSURED," and the language is clear and unambiguous.
There also is a subsequent section of Part 5, the Underinsured Motorists part of the policy which is titled "LOSSES WE WILL NOT PAY FOR." Within this subsection of Part 5, there is an exclusion stating: "We will not pay for bodily injury to you or your household resident while using or occupying a non-owned motor vehicle or motorcycle not insured under this part regularly used by you or a household resident."
This exclusion offered by the defendant is not within the exclusions authorized by the insurance regulations specifying the minimum provisions for protection against uninsured or underinsured at-fault motorists.Harvey v. Travelers Indemnity Co., 188 Conn. 245, 449 A.2d 157 (1982). An insurer may limit its liability for uninsured or underinsured motorist coverage based on a regulation only to the extent that the regulation expressly authorizes. Chmielewski v. Aetna Casualty Surety Co.,218 Conn. 646, 674, 591 A.2d 101 (1991). The exclusion set forth in Section 38a-334-6(c) (2) (A) of said regulations does not apply, as neither the plaintiff nor his parents were the owners of the underinsured vehicle nor was it the underinsured vehicle that was provided for the plaintiff's regular use. The plaintiff was driving his former wife's vehicle, with her permission when he was struck by an underinsured vehicle operated by another driver, causing the plaintiff's alleged injuries.
The defendant at the very least has created an ambiguity in the terms of the definitions of who is insured under the liability, uninsured motorists and underinsured motorists sections of the policy. It is an error which the law requires be resolved against the insurance company which drafted the policy. The defendant Prudential drafted the ambiguous document. The applicable rule of contract interpretation in such situations is well settled. "When there is ambiguity, we must construe contractual terms against the drafter." (Internal quotation marks omitted.) Rund v. Melillo, 63 Conn. App. 216, 222, 772 A.2d 774 (2001), quoting Cameron v. Avonridge, Inc. 3 Conn. App. 230, 233, 486 A.2d 661
CT Page 1512 (1985).
The case of Gallagher v. Covenant Insurance Company, Superior Court, judicial district of Ansonia/Milford at Milford cited by the defendant is distinguishable from the present matter. It is similar, as the plaintiff argues, to Lowery v. Valley Forge Ins. Co., 224 Conn. 152, 617 A.2d 454
(1992), in which the claim for underinsured motorists benefits is being made under the same policy claimed to have been underinsured. The regulations allow an exclusion in coverage where the underinsured motor vehicle in question is owned or provided for the regular use of the insured. In this case the underinsured vehicle was not the vehicle operated by the plaintiff Turcio, but was instead, the vehicle which struck him.
Accordingly, for the reason set forth herein, the defendant's motion for summary judgment is hereby denied.
The Court
By Arnold, J. CT Page 1513